Present: Koontz, Kinser, Lemons, Goodwyn, and Millette, JJ., and Carrico and Russell, S.JJ.

WILLIAM S. SMALLWOOD

v. Record No. 082228    OPINION BY JUSTICE DONALD W. LEMONS
                                     November 5, 2009
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

Following a bench trial upon an indictment charging possession of a firearm after having been convicted of a felony in violation of Code § 18.2-308.2, William S. Smallwood ("Smallwood") was convicted and sentenced to five years' imprisonment with three years suspended. In this appeal, we consider whether the Commonwealth presented sufficient evidence to support Smallwood's conviction.

I. FACTS AND PROCEEDINGS BELOW

On or about July 27, 2007, Smallwood was driving a vehicle in Cumberland County, accompanied in the front passenger seat by Crystal B. Barnett ("Barnett"). At approximately one o'clock in the morning, the vehicle was stopped pursuant to a "road check." Deputy Sheriff James F. Lampkin ("Deputy Lampkin") testified that he approached the vehicle and "smelled a strong odor of alcohol coming from the vehicle." Deputy Lampkin had Smallwood pull over to the side of the road for further investigation. Deputy Lampkin

determined that Barnett was the one that had been drinking alcohol, and not Smallwood.

Deputy Sheriff Michael Boggs ("Deputy Boggs") approached the rear of the vehicle "for safety reasons." Deputy Boggs testified that he "shined [his] flashlight, and inside [he] saw a weapon that was in the console." It "[s]eemed to be a .38 revolver." Deputy Boggs described the vehicle as "small" and he testified that the "weapon was . . . right there in plain view." After Deputy Boggs alerted Deputy Lampkin to the weapon's presence, Deputy Lampkin "got the weapon out, [and] put it on top of the car." Deputy Lampkin described the weapon as a "small .38 silver revolver."

Deputy Lampkin testified that the weapon was "in the console, between the console right beside [Smallwood's] right leg." He further described the vehicle as "small" and the gun's location as "an open console between the seats where you could just lay something, like a little section. It was small in between two bucket seats." The firearm was not concealed.

At the scene, Deputy Lampkin asked Smallwood about the firearm. Deputy Lampkin testified that:

> [Smallwood] told me that he thought it was
> fine. The gun was [Barnett's] gun . . . and he
> thought it was fine as long as she was in the
> car, with the car; that it was her
> responsibility to have the gun with her; that
> it wouldn't fall on him.

2

Following the deputies' testimony, the Commonwealth introduced evidence of Smallwood's two previous felony convictions. The Commonwealth then rested its case and Smallwood moved to strike the evidence, arguing that the Commonwealth, in its proof of constructive possession, failed to show that Smallwood "actually had dominion and control over the weapon." The trial court denied the motion to strike, stating that "[w]hat the law requires is for a prima facie case he was aware of the presence and the character of the firearm and that it was subject to his dominion and control. It doesn't have to be exclusive possession."

Barnett then testified that she owned both the car and the firearm. Barnett and Smallwood had been in the car "[p]robably around six, seven hours" and "[i]n that period of time the gun was in the console in plain view on the console that entire time." Barnett testified that she had placed the firearm in the console. During their time in the vehicle, Barnett and Smallwood made stops and had gotten in and out of the vehicle.

She testified that she had been drinking that evening and that was the reason why Smallwood was driving. She testified that she did not tell Smallwood about the firearm and he did not "ever use it or touch it . . . in any way." The firearm was "in the console and it stayed there the whole time."

Barnett testified that she normally kept the firearm in plain view on the console because she had applied for a concealed weapon permit but had not received one. She testified that she has "always carried [the firearm] after [she] got assaulted." At the conclusion of Barnett's testimony, the defense rested and renewed its motion to strike. The trial court again denied the motion.

The trial court found Smallwood guilty of felony possession of a firearm after having been convicted of a felony in violation of Code § 18.2-308.2 and sentenced him to five years' imprisonment with three years suspended. Smallwood timely filed his notice of appeal. The Court of Appeals, per curiam, denied his petition for appeal. Smallwood timely filed his notice of appeal to this Court and we awarded an appeal on the following assignment of error:

> It was error for the Court of Appeals to fail to overturn the trial court ruling and the trial court erred in ruling that there was sufficient evidence to convict the defendant of one count of felony possession of a firearm after having been previously convicted of a felony.

## II. ANALYSIS

### A. Standard of Review

"Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below."

4

*Bolden v. Commonwealth*, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). "We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." *Riner v. Commonwealth*, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). "When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." *Bolden*, 275 Va. at 148, 654 S.E.2d at 586.

### B. Constructive possession

In this appeal we consider whether the evidence was sufficient to convict Smallwood under Code § 18.2-308.2. Smallwood argues that the "Commonwealth has only proven that Mr. Smallwood knew of the weapon's presence and not that he exercised dominion and control over the firearm." However, Smallwood misapprehends established principles of constructive possession.

Code § 18.2-308.2 provides in relevant part that "[i]t shall be unlawful for . . . any person who has been convicted of a felony . . . to knowingly and intentionally possess . . . any firearm." We first held that constructive — rather than actual — possession of contraband was sufficient to obtain a criminal conviction in *Ritter v. Commonwealth*, 210 Va. 732, 741, 173 S.E.2d 799, 806 (1970). *Ritter* involved the delivery to a mailbox "used by defendant and other members of his

5

family" of a package containing marijuana, the contents of which Ritter identified after the package was presented to him.  Id.  "When asked if the marijuana were his, Ritter responded:  'It must be mine, it's got my name on it.' "  Id. at 742, 173 S.E.2d at 806.

In Ritter, the Court outlined the guiding principles of the doctrine of constructive possession.  First, the Court noted that "it generally is necessary to show that [the] defendant was aware of the presence and character of the particular substance."  Id. at 741, 173 S.E.2d at 805.  Next, the Court noted that possession may be joint:  "the possession need not always be exclusive.  The defendant may share it with one or more."  Id., 173 S.E.2d at 806.  Finally, the Court held that "[t]he defendant may be shown to have had constructive possession by establishing that the drugs involved were subject to his dominion and control."  Id.

We cautioned that "the issue [of what constitutes constructive possession] is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused."  Id. at 743, 173 S.E.2d at 807.  We held that "[w]hen [the package containing marijuana was] delivered by the postal authorities and deposited in the mailbox under the joint use and control of defendant and his family, it had

reached its destination, and defendant was then in constructive possession." Id. at 742, 173 S.E.2d at 807.

Much more recently, in Bolden we affirmed the principles of constructive possession announced in Ritter.

> A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession; evidence of actual possession is not necessary. To establish constructive possession of the firearm by a defendant, the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control. While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm.

Bolden, 275 Va. at 148, 654 S.E.2d at 586 (citations and quotations omitted).

When these principles are applied to the present case, it is clear there was sufficient evidence to support Smallwood's conviction. Smallwood's own statements establish that he was aware of the presence and character of the firearm. And even without his admission, it strains credulity that someone entering and exiting a small vehicle over a period of six or seven hours would fail to notice a "small .38 silver revolver" that was "in plain view."

7

Smallwood argues that he "could not have exercised dominion and control over the gun when the gun was under the dominion and control of Ms. Barnett at all times." Further, Smallwood argues that "Barnett's testimony excludes the possibility of joint possession" because "Smallwood never touched or manipulated the weapon in any way."

As we noted in Ritter, the issue of constructive possession "is largely a factual one and must be established by evidence of the acts, declarations and conduct of the accused." 210 Va. at 743, 173 S.E.2d at 807. According the Commonwealth the benefit of all inferences fairly deducible from the evidence, Bolden, 275 Va. at 148, 654 S.E.2d at 586, the record clearly supports the finding that the firearm in Barnett's car was "subject to" Smallwood's dominion and control.

Both deputies described the vehicle as small. Barnett acknowledged that the firearm was "in plain view" during the entire six or seven hours in which she and Smallwood occupied the vehicle. The firearm rested on an open console "right beside [Smallwood's] right leg." In an instant, Smallwood could have had actual, exclusive possession of the firearm and Smallwood's access to the firearm was not restricted in any way.

While Barnett's ownership of the firearm is relevant to the inquiry, it is not dispositive. "Possession and not ownership is the vital issue. Possession may be joint or several. Two or more persons may be in possession where each has the power of control and intends to exercise control jointly." Burnette v. Commonwealth, 194 Va. 785, 792, 75 S.E.2d 482, 487 (1953).

For the same reasons, Smallwood's argument that the Commonwealth failed to exclude "all reasonable hypotheses of innocence" must fail. "The statement that circumstantial evidence must exclude every reasonable theory of innocence is simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).

In a joint constructive possession case, the focus is on the "acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." Bolden, 275 Va. at 148, 654 S.E.2d 586 (emphasis added). As in Bolden, here the contraband was "open and obvious to someone looking in the vehicle, and it was located in immediate proximity to where [the defendant] had been sitting." Id. at 149, 654 S.E.2d at 586.

III.  CONCLUSION

Accordingly, we hold that the evidence was sufficient to support Smallwood's conviction under Code § 18.2-308.2 and we will affirm the judgment of the Court of Appeals.

Affirmed.