COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


HOLLIE ANN SWANN

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2173-11-2                  JUDGE STEPHEN R. McCULLOUGH
                                                       NOVEMBER 27, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AMELIA COUNTY
Paul W. Cella, Judge

Ronald M. Gore, Jr., for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Hollie Ann Swann was indicted for "unlawfully and feloniously, knowingly and

intentionally, carry[ing] about the accused's person, hidden from common observation, a weapon

described in subsection A of Section 18.2-308, after having been convicted of a felony . . . ." The

court convicted her of that charge, as well as a possession of heroin charge that is not before us. She

challenges the sufficiency of the evidence for her conviction under Code § 18.2-308.2. In addition,

Swann contends that there was a fatal variance between the indictment and the evidence presented

at trial. We conclude that the evidence was insufficient to convict appellant of violating Code

§ 18.2-308.2.[1]

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] In light of our disposition, we do not address appellant's assignment of error concerning
the alleged variance.

BACKGROUND

Around 10:00 p.m., a vehicle pulled up to a residence in Amelia County while the residence was being searched by the police. George Bushman was driving the car. Appellant sat in the front passenger seat, and Brandy Lascolette Marsh was seated in the back seat, along with an unnamed fourth individual. A syringe was in plain view on appellant's lap.

Police officers searched the vehicle. The search yielded a 9mm Ruger pistol underneath the floor mat on the driver's side. Police also recovered a plastic pill bottle in the center console that had Hollie Swann's name on it. The pill bottle contained heroin. Police also recovered an extendable baton underneath the floor mat on the passenger side. On the passenger side of the vehicle, sitting on the floor next to the console, police recovered a black nylon holster for a 9mm pistol. The holster had a pouch, and inside the pouch was a magazine. The magazine contained some ammunition. A police officer who was involved in the search testified that he had no evidence that Swann had ever been in the car before.

Swann and Marsh had met Bushman four or five days before their arrest. Swann gave a statement to the police, in which she admitted that she was holding the drugs for Bushman. Marsh testified that the trio had driven to Chester to retrieve the drugs from Bushman's apartment.

In closing argument, the prosecution made it clear that the basis for the charge under Code § 18.2-308.2 was the ammunition contained in the magazine. The court overruled Swann's motion to strike the charge and convicted appellant.

ANALYSIS

The standard of review in a sufficiency case is well settled. First, the evidence is viewed in the light most favorable to the prevailing party, in this instance the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). The reviewing court must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as

true all the credible evidence favorable to the Commonwealth and *all fair inferences to be drawn therefrom*." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980). The "reviewing court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). The question, rather, "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*) (quoting Jackson, 443 U.S. at 319).

Code § 18.2-308.2 prohibits a convicted felon from possessing "any firearm or ammunition for a firearm." In this instance, the Commonwealth relied on a theory of constructive possession.

> "To establish constructive possession of the firearm by a defendant, the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to [her] dominion and control. While the Commonwealth does not meet its burden of proof simply by showing the defendant's proximity to the firearm, it is a circumstance probative of possession and may be considered as a factor in determining whether [appellant] possessed the firearm."

Smallwood v. Commonwealth, 278 Va. 625, 630-31, 688 S.E.2d 154, 156-57 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). Furthermore, a firearm may be jointly possessed. Atkins v. Commonwealth, 57 Va. App. 2, 23, 698 S.E.2d 249, 259 (2010).

The record here is devoid of any facts showing that appellant constructively possessed the ammunition or, indeed, that she was even aware of its existence. The ammunition was inside a magazine, which was inside the pouch of a holster. Therefore, the presence of the ammunition was concealed from view. No statements, conduct, or forensic evidence links appellant to this holster or

- 3 -

its contents. No evidence established that appellant had any kind of legal or possessory interest in the car. The Commonwealth's own evidence showed that, although appellant had known the driver of the car for a few days, there was no indication that appellant had been in this car before. The gun was found under the driver's seat, not the passenger seat. We conclude that appellant's conviction for possession of ammunition as a convicted felon was without evidence to support it. See, e.g., Hancock v. Commonwealth, 21 Va. App. 466, 465 S.E.2d 138 (1995).

The trial court relied on appellant's proximity to the ammunition. Mere proximity constitutes a relevant factor in determining whether the accused possessed the ammunition, but it is insufficient without more to show constructive possession. Smallwood, 278 Va. at 630-31, 688 S.E.2d at 156-57.

## CONCLUSION

We find the evidence insufficient as a matter of law to convict appellant of possession of the ammunition as a convicted felon and, accordingly, we reverse her conviction under Code § 18.2-308.2.

Reversed and final judgment.