COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Russell and AtLee
Argued at Fredericksburg, Virginia

UNPUBLISHED

JUAN DEMETRIO MIRONES RAMOS

MEMORANDUM OPINION[*] BY
v.    Record No. 1774-13-4    JUDGE WESLEY G. RUSSELL, JR.
SEPTEMBER 22, 2015

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Allison H. Carpenter, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Juan Demetrio Mirones Ramos, appellant, was convicted in a jury trial of driving while

intoxicated, second offense in ten years, in violation of Code § 18.2-266, and unreasonably refusing

to provide a blood or breath sample, second offense, in violation of Code § 18.2-268.3. On appeal,

appellant argues that the evidence was insufficient to sustain his conviction for driving while

intoxicated because the evidence failed to prove he operated a vehicle on a highway. Appellant also

challenges his conviction for unreasonable refusal to provide a blood or breath sample, arguing that

the evidence was insufficient to prove he was arrested within three hours of operating a vehicle. For

the reasons explained below, we affirm his convictions.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND[1]

"'Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). This principle requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and internal quotation marks omitted).

So viewed, the evidence established that on November 20, 2012, Brian Miller returned to his home on Washington Boulevard in Arlington between 8:00 p.m. and 8:30 p.m. Miller parked his car in his private driveway, which was accessible only from North Sycamore Street. At approximately 10:15 p.m., Miller's housemate, Michael Powers, returned home and found appellant and an unfamiliar car with dealership tags in the driveway. Powers noticed the car's engine was off, the trunk was open, and both of the driver's side tires were flat. Appellant was struggling to change a rear tire, and Powers noted that appellant had not removed the lug nuts from the tire he was attempting to change.

After speaking with appellant for ten to fifteen minutes, Powers took his groceries inside and returned to appellant's car with Miller and a flashlight. Appellant was "off balance and stumbled backwards" while trying to remove the spare tire from the trunk of his car. Although Powers never saw any alcohol containers in or near the vehicle, he smelled a strong odor of alcohol when he approached appellant. Appellant slurred his words and repeatedly asked that Powers not

_____

[1] Pursuant to Rule 5A:8(c), the trial court approved a written statement of facts in lieu of a transcript.

contact police. He stated his tire was flat because he had hit something. Appellant repeatedly apologized for the car being in the driveway.

Appellant asked if he could leave the car in the driveway, and Powers said he would not allow appellant to do that. Appellant then got into the driver's seat even though the jack was still in place under the car. At that point, Powers called the police.

Miller observed appellant make several phone calls. He heard appellant slur his speech and at one point watched as appellant tripped and fell to the ground. Appellant admitted to Miller that he was drunk.

Officer Samuel Sentz of the Arlington County Police Department was dispatched to the Washington Boulevard address around 11:00 p.m. When he arrived, appellant was standing outside the car. Officer Sentz described appellant as emitting a strong odor of alcohol, having bloodshot eyes, swaying from side to side, and having difficulty walking. Officer Sentz testified that the car's engine was warm enough that he was able to conclude that the car had been driven "recently."

Appellant stated to Officer Sentz that he had consumed five glasses of wine that evening. Officer Sentz accused appellant of being drunk, and appellant responded, "Yeah, okay." Appellant also told Officer Sentz that he did not hit anything, but did not answer questions about how the car became damaged.

Officer Sentz administered a series of field sobriety tests to appellant. Appellant performed poorly on the tests while repeatedly cursing at Officer Sentz in Spanish. At 11:23 p.m., Officer Sentz placed appellant under arrest for driving while intoxicated and then transported appellant to the Arlington County Detention Facility. Appellant continued to curse at the officer in Spanish and refused to take the implied consent breath test.

At trial, appellant argued that the Commonwealth failed to prove that appellant operated a vehicle at any point or that he had operated a vehicle on the highway, and thus, had failed to prove

the violation of Code § 18.2-266. With respect to the charge for violating Code § 18.2-268.3, appellant argued that the evidence did not establish that he was arrested for driving while intoxicated within three hours of his operation of a vehicle as provided for in Code § 18.2-268.2, and therefore, his refusal to take the breath test was reasonable. The trial court denied appellant's motions to strike, and the jury convicted him of both offenses.

This appeal followed.

ANALYSIS

Standard of Review

In both of his assignments of error, appellant challenges the sufficiency of the evidence. As such, we review his convictions "with the highest degree of appellate deference." Thomas v. Commonwealth, 48 Va. App. 605, 608, 633 S.E.2d 229, 231 (2006). "An appellate court does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" Williams v. Commonwealth, 278 Va. 190, 193, 677 S.E.2d 280, 282 (2009) (quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)). Instead, the only "relevant question is, after reviewing the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Sullivan v. Commonwealth, 280 Va. 672, 676, 701 S.E.2d 61, 63 (2010) (emphasis added).

This deferential appellate standard "applies not only to the historical facts themselves, but the inferences from those facts as well." Clanton v. Commonwealth, 53 Va. App. 561, 566, 673 S.E.2d 904, 907 (2009) (*en banc*) (internal quotation marks omitted). "Thus, a factfinder may 'draw reasonable inferences from basic facts to ultimate facts,'" Tizon v. Commonwealth, 60 Va. App. 1, 10, 723 S.E.2d 260, 264 (2012) (quoting Haskins v. Commonwealth, 44 Va. App. 1,

10, 602 S.E.2d 402, 406 (2004)), "unless doing so would push 'into the realm of *non sequitur*,'" id. (quoting Thomas, 48 Va. App. at 608, 633 S.E.2d at 231).

Driving While Intoxicated

Code § 18.2-266 provides, in part, that "[i]t shall be unlawful for any person to drive or operate any motor vehicle . . . while such person is under the influence of alcohol." An "operator" or "driver" is any person "who either (i) drives or is in actual physical control of a motor vehicle on a highway or (ii) is exercising control over or steering a vehicle being towed by a motor vehicle." Code § 46.2-100.

Appellant is correct that the Commonwealth presented no evidence to suggest that appellant operated the vehicle while it was parked in the driveway.[2] Appellant was outside the car during most of his interaction with the witnesses. For the short period of time appellant was inside the car, no one observed the car keys in the ignition or the engine running. This does not end our analysis; we must view all of the evidence to determine whether appellant violated Code § 18.2-266.

Appellant argues that no evidence was adduced that would allow the jury to conclude that he was the individual who had driven the car into the driveway, and therefore, the evidence was insufficient to establish that he had operated the car on a highway.[3] We disagree.

_____

[2] In Enriquez v. Commonwealth, 283 Va. 511, 722 S.E.2d 252 (2012), the Supreme Court established that "when an intoxicated person is seated behind the steering wheel of a motor vehicle on a public highway and the key is in the ignition switch, he is in actual physical control of the vehicle and, therefore, is guilty of operating the vehicle while under the influence of alcohol within the meaning of Code § 18.2-266." Id. at 517, 722 S.E.2d at 255.

[3] The evidence established that appellant was intoxicated. Appellant admitted that he had been drinking and told Miller that he was drunk. Appellant agreed with Officer Sentz when Officer Sentz stated that appellant was drunk. Appellant acknowledged that he had consumed five glasses of wine earlier in the evening. Appellant's behavior and appearance also indicated that he was intoxicated. He slurred his speech, he stumbled, and he fell. He smelled of alcohol and was belligerent on the phone and towards Officer Sentz. On appeal, appellant does not challenge that the evidence established that he was intoxicated.

At the scene, appellant indicated that he had been driving the vehicle. In explaining to Powers how the vehicle had come to be in its present condition, appellant said that he "had hit something." Subsequently, appellant told Officer Sentz that he "did not hit anything . . . ," but refused to answer any specific questions regarding how the vehicle had been damaged.

Regardless of whether he hit anything or not, appellant's statements lead to the conclusion that he had been driving the car. It would not be unusual for the driver of a car to say it was damaged when he "had hit something," but it would be odd for a passenger in a car or a pedestrian to state that he "had hit something" that had caused damage to a car. Similarly, standing next to the damaged car on a private driveway that was not his, appellant's statement to Officer Sentz that appellant "did not hit anything" strongly suggests that appellant had been driving the car as opposed to having been a passenger or pedestrian passerby. When taken together and viewed in context, appellant's statements regarding whether or not he hit something provided a sufficient basis for a reasonable jury to conclude that he had been driving the car on a public roadway.

Such a conclusion is bolstered by other evidence. Appellant was the only person found with the car and was in the process of attempting to fix the damage. Appellant repeatedly apologized for the car being in the driveway, which could be accessed only from a public street. The car had dealer tags, and appellant identified himself as an employee of an automobile dealership.

It is true that the Commonwealth presented no witness who saw appellant actually drive the car. However, "[t]here is no distinction in the law between the weight or value to be given to either direct or circumstantial evidence." Muhammad v. Commonwealth, 269 Va. 451, 479, 619 S.E.2d 16, 31-32 (2005), cert. denied, 547 U.S. 1136 (2006). "While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each

insufficient in itself, may lead a reasonable mind irresistibly to a conclusion." Id. (citation omitted).  Here, all of the attendant circumstances, taken together, were sufficient to allow a jury reasonably to conclude that appellant operated the car on a public road.

Refusal to Provide Breath Sample

Pursuant to statute, any person who operates a motor vehicle upon a highway in the Commonwealth shall be deemed to have consented to have samples of his blood or breath taken in order to determine the alcohol or drug content of his blood if he is arrested for violation of driving while intoxicated within three hours of the alleged offense.  Code § 18.2-268.2(A).  Furthermore, if a person arrested for driving while intoxicated unreasonably refuses to have such samples taken for chemical analysis, that person violates Code § 18.2-268.3(A).

In Bristol v. Commonwealth, 272 Va. 568, 574-75, 636 S.E.2d 460, 464 (2006), the Supreme Court explained the arrest requirements of Code § 18.2-268.2:

> Under these provisions, a driver must be arrested within three
> hours of an offense before that driver may be required to submit to
> a breath or blood test.  Because the driver's timely arrest triggers
> the statutory consent requirement, the arrest must be completed
> before the driver may be required to take the test.

Id.  Absent a valid, timely arrest, "the Commonwealth has no right to collect the [blood or breath] sample in the first place . . . ."  Cutright v. Commonwealth, 43 Va. App. 593, 601, 601 S.E.2d 1, 5 (2004).

Appellant was arrested for violation of Code § 18.2-266 at 11:23 p.m.  Accordingly, for the requirements of Code § 18.2-268.2 to have been met, appellant had to have been operating the vehicle at or after 8:23 p.m. to subject him to the requirement that he provide a breath sample or be guilty of unreasonable refusal.  Appellant argues that the evidence was insufficient to allow the jury

to conclude that he drove the car on a public roadway at or after 8:23 p.m.[4]  For the reasons that follow, we disagree.

The evidence established that the car was operated on a public roadway sometime between the time Miller arrived home and found no car in the driveway and approximately 10:15 p.m., when Powers ultimately discovered the car in the driveway.  Because Miller testified that he arrived home sometime around 8:00 p.m. and 8:30 p.m., appellant argues that the evidence did not exclude the possibility that the vehicle had been driven into the driveway between 8:00 p.m. and 8:22 p.m., which would be more than three hours before appellant's arrest.

Appellant's argument fails because Miller's testimony concerning when he got home is not the only evidence concerning when the car arrived in the driveway.[5]  When Powers discovered appellant and the car at 10:15 p.m., appellant had not yet removed the spare tire from the trunk or removed any lug nuts from the tire he was seeking to change, suggesting that he was in the early stages of changing the tire when Powers first saw him.  Furthermore, Officer Sentz testified that the car's engine was still warm when he arrived around 11:00 p.m.  Officer Sentz testified at trial, without objection, that the warmth of the engine led him to conclude that the car had been driven "recently."  Finally, the jury could determine that it was incredibly unlikely that the damaged vehicle could have been driven into the driveway and remained undetected for two hours with the intoxicated appellant attempting to change the tire.

---

[4] For the reasons stated above, the evidence was sufficient to allow the jury to conclude that appellant operated the car on a public roadway.  Accordingly, our resolution of appellant's challenge to his conviction for refusal to provide a breath sample turns solely on whether the evidence was sufficient to allow the jury to conclude that he operated the vehicle after 8:23 p.m.

[5] It should be noted that if Miller arrived home at the end of the time range he gave, i.e., between 8:23 p.m. and 8:30 p.m., there would be no question that the car had been operated on a public roadway within three hours of appellant's arrest.

Viewing the totality of the evidence, a reasonable jury could conclude beyond a reasonable doubt that appellant operated the car on a public roadway sometime in the three hours immediately preceding his arrest. Accordingly, we affirm appellant's conviction for unreasonably refusing to submit to a blood or breath test.

## CONCLUSION

Based on the evidence presented, the jury reasonably could conclude beyond a reasonable doubt that appellant drove the car on a public roadway while intoxicated within three hours of his arrest. Accordingly, we affirm his convictions for driving while intoxicated and unreasonably refusing to submit to a blood or breath test.

<u>Affirmed.</u>