COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and Raphael
Argued at Lexington, Virginia

UNPUBLISHED

HENRY BRODERICK PACK

MEMORANDUM OPINION[*] BY
v.      Record No. 0555-21-3      JUDGE MARY GRACE O'BRIEN
MAY 10, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
J. Frederick Watson, Judge

Kelsey Bulger, Senior Assistant Public Defender, for appellant.

Jason D. Reed, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Henry Broderick Pack ("appellant") appeals his conviction of possession of a firearm by a

convicted felon, in violation of Code § 18.2-308.2. Appellant asserts that the evidence was

insufficient to establish that he constructively possessed the firearm.

BACKGROUND

Using familiar principles of appellate review, we recite the facts in the light most favorable

to the Commonwealth, the prevailing party at trial. *Lambert v. Commonwealth*, 298 Va. 510, 512

(2020).

Late in the evening of August 18, 2020, Officer M. Closs went to a hotel in Lynchburg to

check on an individual who "appeared to be passed out outside of [a] vehicle." When Officer Closs

arrived, he observed a 1992 Chevrolet Silverado pickup truck with the driver's side door open. The

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

truck was not running. Appellant, barefoot and unconscious, was lying face up on the ground parallel to the truck on the driver's side "near the open door." Officer Closs attempted to rouse appellant by applying force to his sternum, but was unsuccessful. Because he was unable to detect a pulse or determine if appellant was still breathing, Officer Closs began CPR. A few minutes later, the fire department arrived and continued life saving measures. When paramedics lifted appellant off the ground to transport him to the hospital, Officer Closs found indications that appellant might be experiencing a drug overdose.

Officer Closs then searched the interior of the truck, using a flashlight because there were no interior lights, and immediately noticed a shotgun "laying against the passenger side seat, the bench of the truck." The shotgun was loaded, "sitting up on the stock" with the end of the barrel facing up and additional shell cartridges on the seat. Officer Closs also found the keys to the truck. Additionally, he seized flip-flop style shoes matching appellant's foot size from the driver's seat floorboard.

Officer J.L. Babbitt subsequently arrived and accompanied appellant to the hospital. Paramedics administered the drug Narcan, but appellant never fully regained consciousness that evening, and he did not make any statements. As Officer Babbitt was leaving the emergency room, he learned that appellant's grandfather had reported the truck stolen earlier that night and there was a shotgun in the truck when it was taken.

At trial, Officer Babbitt testified that illegal drugs and firearm possession "go together." Upon the conclusion of the Commonwealth's evidence, appellant moved to strike. The court denied the motion and appellant did not present evidence, but he renewed the motion. The court denied the motion and found him guilty.

ANALYSIS

Appellant contends that the evidence failed to prove he was aware of the presence and character of the firearm or that it was subject to his dominion and control. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

Instead, viewing the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, "the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Williams v. Commonwealth*, 278 Va. 190, 193 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Code § 18.2-308.2(A) forbids "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm." Appellant's assignment of error challenges the sufficiency of the evidence proving that he knowingly possessed the firearm found in the truck. He does not challenge his status as a felon or that the item in the truck was a firearm.

Appellant contends that the evidence merely showed that he was in proximity to the weapon, not that he constructively possessed it, because the Commonwealth did not present any

"acts, statements, [or] conduct . . . that would have indicated he was aware of the firearm" and the Commonwealth failed to prove that he exercised dominion and control over the weapon.

Appellant notes that he was unconscious when the police arrived, and he remained unresponsive even after he was administered Narcan and transported to the hospital. He argues that no personal items were recovered from the truck linking him to it, and no one saw him inside the vehicle. Additionally, it was dark outside, which required Officer Close to use his flashlight to search the truck's interior. Appellant concludes the evidence was insufficient to prove he was "ever in a position to even view the firearm much less be aware of its presence and character." Appellant argues that, even if the evidence proved he occupied the truck, it failed to establish that he exercised dominion and control over the shotgun.

"A conviction for the unlawful possession of a firearm can be supported exclusively by evidence of constructive possession. Evidence of actual possession is not necessary." *Rawls v. Commonwealth*, 272 Va. 334, 349 (2006). "To establish constructive possession . . . the Commonwealth must present evidence of acts, statements, or conduct by the defendant or other facts and circumstances proving that the defendant was aware of the presence and character of the firearm and that the firearm was subject to his dominion and control." *Id.* Where, as here, contraband is found in a vehicle, the factfinder may infer that any occupant of the vehicle "possessed contraband that was located" in the vehicle, if the occupant is "shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of" his occupancy. *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992). Further, while proximity to a firearm does not prove constructive possession beyond a reasonable doubt, "it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008).

Appellant was found unconscious and barefoot next to the truck his grandfather reported stolen on the night of the offense. The report indicated that a shotgun was in the truck. When Officer Close located the stolen truck that same night, a loaded shotgun was leaning against the passenger seat, with additional ammunition on the seat. The factfinder may consider the open visibility of the firearm in the location where it was found. *See Smallwood v. Commonwealth*, 278 Va. 625, 631 (2009) (affirming conviction where appellant occupied a vehicle in which the firearm was found "in plain view," even though the firearm was owned by another passenger in the vehicle). The driver's side door was still open, evidence that appellant was recently sitting in the driver's seat. Contrary to appellant's assertion that no items were seized from the truck that would link him to it, flip-flops matching appellant's foot size were found on the driver's side floorboard.

Knowledge of contraband, while an element of possession, is a factual question. *See Glover v. Commonwealth*, 3 Va. App. 152, 159 (1986) (finding that where the defendant challenged the sufficiency of the evidence showing knowledge of a handgun in a borrowed vehicle, the court may judge the credibility of witnesses and based on their testimony infer that the defendant knew of the presence of the gun), *aff'd*, 236 Va. 1 (1988) (*per curiam*). Here, the court, sitting as the factfinder, found sufficient evidence that appellant was a recent occupant of the truck, was aware of the weapon next to him in the cab, and constructively possessed it. We do not find the court's judgment plainly wrong or without evidence to support it.

CONCLUSION

For the reasons stated above, we find that the record supports the court's conclusion that the evidence was sufficient to establish that appellant constructively possessed the firearm found in the cab of the truck.

*Affirmed.*