UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Senior Judge Haley
Argued at Richmond, Virginia

RODNEY ALLEN CARPENTER

MEMORANDUM OPINION* BY
v.      Record No. 0840-21-2            JUDGE RICHARD Y. ATLEE, JR.
                                        JULY 26, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
Paul W. Cella, Judge

(Marlene A. Harris, on brief), for appellant. Appellant submitting
on brief.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

After a bench trial, the Circuit Court of Nottoway County ("trial court") convicted appellant

Rodney Allen Carpenter of possession of a firearm by a convicted felon, in violation of Code

§ 18.2-308.2, and possession of a firearm simultaneously with a controlled substance, in violation of

Code § 18.2-308.4.[1] On appeal, Carpenter argues that the evidence is insufficient to support these

convictions because the Commonwealth failed to prove that he possessed a firearm. We disagree

and affirm Carpenter's convictions.

I. BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party below." *Vay v.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Carpenter pleaded guilty to and was convicted of two other charges stemming from the
incident. Those convictions are not at issue in this appeal.

*Commonwealth*, 67 Va. App. 236, 242 (2017) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 629 (2009)). "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Id.* (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

On April 20, 2019, around 3:00 p.m., Walter Drew was driving on Winningham Road, a two-lane back road in Nottoway County. As he was driving, Drew encountered Carpenter driving a four-wheel all-terrain vehicle ("ATV"), and he followed him "a little ways." When Carpenter noticed Drew was behind him, he moved over to allow Drew to pass. After Drew passed the ATV, he looked in his rearview mirror and saw the ATV "turn over and throw [Carpenter] off into the road." Drew stopped his vehicle, turned on his hazard lights, and ran about twenty-five feet back to Carpenter, who was lying in the road near the ATV. Drew saw that Carpenter was breathing, and he ran to his car and called 911.

As he was returning to Carpenter, Drew saw a firearm in the road, approximately three to five feet from Carpenter and six to seven feet from the ATV. He secured the firearm in his vehicle until he could give it to the sheriff's deputy who arrived on the scene. Drew then went back to assist Carpenter. At trial, Drew stated that visibility was "good and clear" at the time of the crash and that if there had been anything in the road immediately before the crash, he "would have seen it." He also did not see any other people in the area immediately before the crash.

Nottoway County Sheriff's Deputy Austin and Virginia State Police Trooper Jimenez arrived at the scene of the ATV crash in response to the 911 call. Deputy Austin confirmed that Drew handed her a firearm, which she subsequently gave to Trooper Jimenez. Both Deputy Austin and Trooper Jimenez identified the firearm in court; Jimenez described it as a black, "twenty-two long rifle caliber revolver."

Carpenter told Trooper Jimenez that at the time of the crash, he was looking for his wife, who had left their residence on foot after an argument. He denied knowing anything about the firearm. Trooper Jimenez examined the ATV. He testified that it was a "standard" ATV with "just straight plastic coverings"; it had no compartments or anything mounted on it that could hold a firearm.

Trooper Jimenez subsequently arrested Carpenter. During a search incident to arrest, Trooper Jimenez seized a substance from Carpenter's right front pocket. Although Carpenter initially denied any knowledge of the substance, he later admitted that it was methamphetamine, which subsequent scientific analysis confirmed.

After the Commonwealth rested its case-in-chief, Carpenter moved to strike the evidence, arguing that the Commonwealth's evidence was insufficient to prove that he possessed the firearm Drew found in the road because mere proximity is not sufficient to demonstrate possession. The trial court denied the motion.

Carpenter's wife, Tonya, testified that she and Carpenter lived on Winningham Road at the time. Between 10:30 p.m. and 11:00 p.m. on the night before the crash, she heard gunshots that sounded like a "drive by." According to Tonya, she heard a car "slow down," then "[t]hey shot before they got to the house, and then they turned around after they passed the house at maybe the next driveway, and then . . . went back [in] the direction that they came." Tonya did not call the police to report these gunshots.

Carpenter testified in his own defense. He testified that he also heard gunfire the night before the crash but did not call the police. According to Carpenter, his son told him that the two shooters were members of "rival drug gangs." Drew and Trooper Jimenez testified on rebuttal that they did not see any cartridge casings or spent ammunition on the road on the day of the crash.

At the close of all the evidence, Carpenter renewed his motion to strike. The trial court denied the motion and convicted Carpenter on both counts. The court drew "the logical inference" that Carpenter possessed the firearm on his person immediately before the crash based on Drew's testimony that he did not see the firearm in the road before the crash and he would have seen it if it had been there, the fact that the firearm was three to five feet from where Carpenter landed after the crash, and Trooper Jimenez's testimony that the ATV did not contain any compartments that could hold a firearm.

Carpenter now appeals to this Court.

## II. ANALYSIS

Carpenter's argument on appeal is that the evidence was insufficient to "prove beyond a reasonable doubt that [Carpenter] knowingly and intentionally possessed the firearm." He also points out that the firearm was not found on his person, and he contends that the trial court erred finding the evidence sufficient to prove possession. We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)).

Possession of a firearm may be actual or constructive. *Wright v. Commonwealth*, 53 Va. App. 266, 273 (2009). The Commonwealth may prove possession of a firearm by circumstantial as well as direct evidence. *See Byers v. Commonwealth*, 23 Va. App. 146, 150 (1996) ("[P]roof of 'actual' possession of a firearm . . . may be established by circumstantial evidence, direct evidence, or both."). "Circumstantial evidence . . . is evidence of facts or circumstances not in issue from which facts or circumstances in issue may be inferred." *Id.* (alteration in original) (quoting 1 Charles E. Friend, *The Law of Evidence in Virginia* § 12-1 (4th ed. 1993)). "[C]ircumstantial evidence 'is as competent . . . as direct evidence' to prove the elements of a crime, 'provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt.'" *Young v. Commonwealth*, 70 Va. App. 646, 653 (2019) (second alteration in original) (quoting *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011)).

Here, the evidence is sufficient to prove that Carpenter actually possessed the firearm. Right after the crash, Drew saw a firearm in the road approximately three to five feet away from Carpenter. Drew did not see the firearm when he drove past that spot immediately before the crash, and he testified that he would have seen it if it had been there. Nor did he see any other people in the area. Drew's testimony excludes the hypothesis that the firearm was laying in the road before Drew passed Carpenter or that someone else put it there. Further, Trooper Jimenez testified that the ATV contained no compartments that could hold a firearm, and the firearm was only a few feet from where Carpenter fell. We conclude that the evidence supports an inference that Carpenter had the firearm on his person and that the firearm fell and landed in the road when Carpenter fell from the ATV, and the evidence excludes all reasonable hypotheses to the contrary. Accordingly, the circumstantial evidence, viewed in the light most favorable to the Commonwealth, is sufficient to prove that Carpenter possessed the firearm on his person immediately before he crashed his ATV.

Carpenter asserts that his mere proximity to the firearm in the road was insufficient to prove that he constructively possessed it. Although the Commonwealth may prove that a defendant constructively possessed a firearm,[2] *see Bolden v. Commonwealth*, 275 Va. 144, 148 (2008), the evidence here supports a finding of actual, not constructive, possession. Carpenter's proximity to the firearm was simply one piece of circumstantial evidence that proved that he actually possessed the firearm immediately before the crash. A "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" by drawing reasonable inferences from the witnesses' testimony, so the evidence was sufficient to convict Carpenter of these offenses. *Vasquez*, 291 Va. at 248 (quoting *Williams*, 278 Va. at 193).

## III. CONCLUSION

For the foregoing reasons, we affirm Carpenter's convictions.

*Affirmed.*

---

[2] To prove that a defendant constructively possessed a firearm, the Commonwealth must show that the defendant was "aware of the presence and character" of the firearm and that the firearm "was subject to his dominion and control." *McArthur v. Commonwealth*, 72 Va. App. 352, 368 (2020) (quoting *Smallwood*, 278 Va. at 630).