COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Beales and Lorish

UNPUBLISHED

ZION MONGOLES HOWELL

v.     Record No. 0986-22-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 8, 2023

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

(Alexander Raymond; Raymond Law, PLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.

The circuit court convicted Zion Mongoles Howell of possession with intent to distribute a

Schedule I or II controlled substance, possession of a firearm while in possession of a controlled

substance with intent to sell or distribute, and misdemeanor eluding the police.  Howell asserts that

the evidence was insufficient to support his convictions.[1]  The case is decided without oral argument

because the parties agree that oral argument is unnecessary.  Code § 17.1-403(ii).

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial."  *Meade v. Commonwealth*,

74 Va. App. 796, 802 (2022) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)).

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Howell provides no argument challenging his eluding conviction; therefore, we do not
address that conviction on appeal.

"Accordingly, we regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence." *Id.* (quoting *Gerald*, 295 Va. at 473).

On December 28, 2020, City of Fredericksburg police officers obtained a search warrant for a hotel room registered to Howell and his father. Howell and Laqorsha Lewis were the only ones in the room when the officers arrived. As the officers entered, they immediately noticed a revolver on the bed closest to the entryway. On the same bed, they found Howell's identification card, backpack and cellular phone, a black jacket with $400 in cash in the pocket, and a variety of empty "cannabis bags" labeled "lemon-cherry gelato and snowman." Under the mattress of the same bed, the police discovered six bags containing "Molly," a lab-made psychedelic drug, and over 80 grams of Eutylone, a synthetic cathinone. The drugs "were in [a] Cannabis bag labeled 'lemon-cherry gelato.'" The police found scales and other drugs in the room, including marijuana and cocaine.

During the search, the police detained Howell and Lewis outside the room where they could hear the officers talking in the room. When one of the officers said, "gun," Howell immediately fled. After a brief chase, the police detained Howell in an adjacent parking lot. As he returned to the hotel, Howell spontaneously stated that he had arrived there shortly before the police executed the warrant and that he had just removed the gun from his backpack. He admitted that he was involved in distributing marijuana. The Commonwealth introduced portions of Howell's interview with the police, as well as text messages from his phone about arranging drug transactions and agreeing on prices.

Fredericksburg Police Detective Stephen Lamar testified as an expert in the distribution of narcotics and opined that the quantity of drugs seized from the hotel room was not consistent with personal use. Further, the way the drugs were packaged, the presence of additional packaging material, scales, money, gun, and the lack of ingestion devices all suggested that the drugs found in the hotel room were not possessed for personal use.

The circuit court convicted Howell of the charged offenses. Howell appeals.

ANALYSIS

Howell asserts that the Commonwealth's evidence failed to prove that he was in possession of the drugs and that he knowingly and intentionally possessed the firearm while possessing the drugs. Howell argues that "while his personal items (ID etc) were found on the mattress, his personal items were not found under the mattress near the drugs." He reasons that the drugs were "outside common observation" and that "a logical hypothesis" is that his father, with whom he shared the hotel room, had secreted the drugs beneath the mattress without Howell's knowledge. Regarding the charge of possessing a firearm while in possession of drugs with the intent to distribute, Howell argues that "because there was insufficient evidence to find him guilty of possession with the intent to distribute the Eutylone, there was insufficient evidence to find him guilty of possessing the firearm while possessing the drug."

"In reviewing a challenge to the sufficiency of the evidence to support a conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Melick v. Commonwealth*, 69 Va. App. 122, 144 (2018) (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (en banc)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Raspberry v. Commonwealth*, 71 Va. App. 19, 29 (2019) (quoting *Burrous v. Commonwealth*, 68 Va. App. 275, 279 (2017)). "In conducting our analysis, we are mindful that 'determining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact, who has the ability to hear and see them as they testify.'" *Id.* (quoting *Miller v. Commonwealth*, 64 Va. App. 527, 536 (2015)). "Thus, we will affirm the judgment of the trial

court unless that judgment is 'plainly wrong or without evidence to support it.'" *Id.* (quoting *Kelly*, 41 Va. App. at 257).

"To convict an individual of possession of a controlled substance, 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" *Merritt v. Commonwealth*, 55 Va. App. 719, 733 (2010) (quoting *Castaneda v. Commonwealth*, 7 Va. App. 574, 583 (1989)). Such possession may be actual or constructive; constructive possession "can be shown by 'acts, statements, or conduct of the accused or other facts and circumstances which tend to show that [he] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" *Bagley v. Commonwealth*, 73 Va. App. 1, 27 (2021) (alteration in original) (quoting *Wilson v. Commonwealth*, 272 Va. 19, 27 (2006)). "Furthermore, proof that a person is in close proximity to contraband is a relevant fact that . . . may tend to show that, as an owner or occupant . . . of [the premises], the person necessarily knows of the presence, nature and character of a substance that is found there." *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992). Further, constructive possession principles apply equally to considering possession of a firearm and possession of illegal drugs. *See Smallwood v. Commonwealth*, 278 Va. 625, 629-30 (2009). The Commonwealth is not required to prove that the appellant's possession was exclusive. *Id.*

Howell was a registered guest of the hotel room and had been staying there with his father. Upon entering the hotel room, the police immediately noticed the gun in plain view on the bed closest to the door. When Howell heard the officers say "gun," he immediately ran away, suggesting his consciousness of guilt. *See Jones v. Commonwealth*, 279 Va. 52, 58 (2010). Howell admitted distributing marijuana, and text messages extracted from his phone indicated he sold other drugs as well. Marijuana and cocaine were in plain view throughout the hotel room, as were the scales and packaging material. The totality of the evidence proves Howell was familiar with illegal

drugs and suggests he was aware of the presence of the Eutylone secreted beneath the mattress on which his personal possessions and the gun were placed.

It is well established that in considering a sufficiency challenge, "[c]ircumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Simon v. Commonwealth*, 58 Va. App. 194, 206 (2011) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." *Id.* (quoting *Hamilton v. Commonwealth*, 16 Va. App. 751, 755 (1993)). "While no single piece of [circumstantial] evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Ervin v. Commonwealth*, 57 Va. App. 495, 505 (2011) (alteration in original) (quoting *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979)). "In other words, in a circumstantial evidence case . . . the accumulation of various facts and inferences, each mounting upon the others, may indeed provide sufficient evidence beyond a reasonable doubt" of a defendant's guilt. *Id.*

Here, the totality of the evidence supports the circuit court's rejection of Howell's hypothesis of innocence and its conclusion that Howell possessed the drugs with the intent to distribute them while also possessing the firearm. The Commonwealth's evidence was sufficient for a rational trier of fact to conclude that Howell possessed the contraband. Accordingly, we affirm the circuit court's judgment.

*Affirmed.*