COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Felton, Judges McCullough and Decker
Argued at Chesapeake, Virginia

CARLTON SHELL

v.       Record No. 2070-13-1

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE WALTER S. FELTON, JR.
OCTOBER 28, 2014

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Karen J. Burrell, Judge

J. Barry McCracken, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Carlton Shell ("appellant") was convicted by the Circuit Court of the City of Norfolk

("trial court") for failing to register as a sex offender or providing false information, second or

subsequent offense, in violation of Code § 18.2-472.1.  On appeal, he asserts that the trial court

erred in denying his motion to strike the Commonwealth's evidence.  Specifically, he claims the

Commonwealth's evidence failed to establish that he had previously been convicted of an

offense that required him to register as a sex offender.  For the following reasons, we affirm

appellant's conviction.

I.  BACKGROUND

At trial, the Commonwealth presented three certified orders showing that appellant had

previously pled guilty, in the Circuit Court for the City of Chesapeake, to two charges of failure

to reregister as a sex offender, in violation of Code § 18.2-472.  The third order showed he had

been convicted of one charge of failure to reregister as a sex offender, in violation of Code

§ 18.2-472 in the Circuit Court for the City of Norfolk. The two Chesapeake Circuit Court orders note that the offenses occurred on April 1, 2008 and June 2, 2008.[1] The Norfolk Circuit Court order notes that offense occurred on January 12, 2009. All three orders reflect appellant was present in court with counsel.

The Chesapeake Circuit Court orders show appellant entered his guilty "[p]lea[s] voluntarily and intelligently . . . after [appellant] was apprised of his right against compulsory self-incrimination and his right to confront the witnesses against him." Specifically, the Chesapeake Circuit Court orders stated that appellant:

> [D]id unlawfully in violation of Section 18.2-472.1, Code of Virginia: as a person subject to Chapter 9 [§ 9.1-900 et seq.] of Title 9.1, but who had not been convicted of a sexually violent offense or murder as defined in § 9.1-902, knowingly fail to reregister with the Sex Offender and Crimes Against Minors Registry.

The order from the Norfolk Circuit Court, entered April 23, 2009, additionally charged, "The accused previously has committed an offense under Subsection A of 18.2-427.1," reflecting the charged offense to be a second or subsequent offense, and therefore a felony. The Norfolk Circuit Court reduced appellant's charge to misdemeanor failure to register as a sex offender.

Kai Wiggins, custodian of the records for the Virginia State Police Sex Offender Crimes Against Minors Registry ("the Registry"), testified that any person convicted of an offense designated in Code § 9.1-902 is required to register as a sex offender, and when registering, the offender signs a disclosure statement acknowledging this responsibility. Code § 9.1-902 also requires convicted sex offenders to reregister any change of residence or work address within three days of the change.

---

[1] On December 18, 2008, appellant was sentenced on both offenses by the Chesapeake Circuit Court.

The requisite disclosure form signed by appellant on September 26, 2012 was entered into evidence. Appellant's disclosure form shows that on September 26, 2012, he registered indicating he resided at 1107 Jernigan Avenue, Apartment E, Norfolk, VA 23513. The next registration appellant submitted indicated he resided at 811 E. City Hall Avenue in Norfolk on February 25, 2013. On March 14, 2013, appellant registered his address as 6437 Whittier Street, Norfolk. Appellant did not submit any change of address forms to the registry between September 26, 2012 and February 25, 2013.

Between September 2012 and February 2013, Virginia State Trooper Michael Dooley worked as an investigator for the Registry. His duties included verifying that offenders were living at their registered addresses and that the offenders were following through on their obligation to reregister any changes in their residences. Trooper Dooley had previously arrested appellant for failing to comply with the Registry's reregistration requirements and had advised appellant of his requirements to reregister.

On February 25, 2013, Trooper Dooley was investigating appellant for failing to reregister. He spoke to appellant at his place of employment. At that time, appellant stated he was living at 6437 Whittier Street in Norfolk. He said he had moved out of an apartment at 1107 Jernigan Avenue in Norfolk approximately three weeks prior to the February 25, 2013 interview. He stated he understood that he was registered with the Registry and that he was required to report a change of address within three days. Appellant admitted to Trooper Dooley that he was not in compliance with his requirement to reregister when he changed his residence. He said he had not completed a change of address form when he moved because he "didn't get around to it. [He'd] been busy."

Rakira Bostic testified she had resided at 1107 Jernigan Avenue, Apartment E, Norfolk, Virginia since approximately January 16, 2013. She stated that she had two roommates, that she had never met appellant, and that appellant was not one of her roommates.

## II. ANALYSIS

On appeal, appellant contends the trial court erred in denying his motion to strike the Commonwealth's evidence, asserting that the evidence failed to establish that he had been previously convicted of an offense requiring him to register as a sex offender.

"'Under well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Smallwood v. Commonwealth, 278 Va. 625, 629, 688 S.E.2d 154, 156 (2009) (quoting Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008)). "'We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence.'" Id. (quoting Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004)). "'When reviewing the sufficiency of the evidence to support a conviction, the Court will affirm the judgment unless the judgment is plainly wrong or without evidence to support it.'" Id. (quoting Bolden, 275 Va. at 148, 654 S.E.2d at 586).

In our review of a challenge to a criminal conviction, "'[w]here the issue is whether the evidence is sufficient, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Baylor v. Commonwealth, 55 Va. App. 82, 84, 683 S.E.2d 843, 844 (2009) (quoting Sandoval v. Commonwealth, 20 Va. App. 133, 135, 455 S.E.2d 730, 731 (1995)).

Code § 18.2-472.1(A) provides:

> Any person subject to Chapter 9 (§ 9.1-900 et seq.) of Title 9.1, other than a person convicted of a sexually violent offense or murder as defined in § 9.1-902, who knowingly fails to register or reregister, or who knowingly provides materially false information

to the Sex Offender and Crimes Against Minors Registry is guilty of a Class 1 misdemeanor. A second or subsequent conviction for an offense under this subsection is a Class 6 felony.

Code § 9.1-902(B)(2) sets out the offenses for which registration as a sexual offender is required, including:

Where the victim is a minor or is physically helpless or mentally incapacitated as defined in § 18.2-67.10, . . . subsection A of § 18.2-47 [abduction], clause (i) of § 18.2-48 [abduction with intent to extort money or pecuniary benefit] . . . .

The Commonwealth presented sufficient evidence to prove appellant was required to reregister as a convicted sex offender. His 2008 and 2009 misdemeanor convictions for failing to reregister as a sex offender clearly state appellant entered guilty pleas to both charges. As noted by the trial court, "[h]e wasn't required to [plead guilty], but he did. And in doing so, he acknowledged that he was a person subject to registration . . . ." Furthermore, appellant admitted to Trooper Dooley that he understood he was registered with the Registry and that he was required to reregister whenever he changed his residence. Appellant said he had not completed a change of address form when he moved because he "didn't get around to it. [He'd] been busy."

A presumption of regularity attends appellant's prior convictions for failing to reregister as a sex offender as "every act of a court of competent jurisdiction shall be presumed to have been rightly done 'till the contrary appears.'" Farmer v. Commonwealth, 62 Va. App. 285, 289-90, 746 S.E.2d 504, 506 (2013) (quoting Nicely v. Commonwealth, 25 Va. App. 579, 584, 490 S.E.2d 281, 283 (1997)). Appellant did not challenge his previous convictions for failing to reregister as a sex offender and cannot collaterally attack those convictions in this appeal.

From the record before us on appeal, we conclude that the trial court did not err in finding the evidence was sufficient to find appellant guilty of failing to register as a sex offender or providing false information, second or subsequent offense, in violation of Code § 18.2-472.1.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

<u>Affirmed.</u>