COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judge Beales and Retired Judge Bumgardner[*]
Argued at Richmond, Virginia

**PUBLISHED**

JACK RANDALL YOUNG

v.      Record No. 0687-18-2

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE MARLA GRAFF DECKER
JULY 30, 2019

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Beverly W. Snukals, Judge

Lauren Whitley, Deputy Public Defender, for appellant.

Eugene Murphy, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jack Randall Young appeals his convictions for failing to reregister as a sexually violent

offender under the Virginia Sex Offender and Crimes Against Minors Registry Act (the Act),

Code §§ 9.1-900 to -923, in violation of Code § 18.2-472.1(B).  On appeal, he argues that the

circuit court erred by finding that the evidence was sufficient to prove that he was required to

register under the Act.[1]  We hold that the evidence, viewed under the applicable standard of

appellate review, was sufficient, and we affirm the convictions.

---

[*] Retired Judge Bumgardner took part in the hearing and decision of this case by designation pursuant to Code § 17.1-400(D).

[1] The offense encompasses failing to "register or *re*register."  Code § 18.2-472.1(B) (emphasis added).  The actions that served as the basis for the appellant's convictions were failures to *re*register.  The appellant argues that he is not guilty of those offenses because he had no duty to register under the Act in the first place.  This opinion uses the term "register" in reference to whether the appellant is covered by the Act and the term "*re*register" in reference to the appellant's underlying behavior and convictions.

## I. BACKGROUND[2]

The appellant was indicted for multiple violations of the Act, including two counts of failing to reregister as a sexually violent offender, second or subsequent offense, in violation of Code § 18.2-472.1(B). The failures were alleged to have occurred in January and February of 2017.

At the appellant's trial, the Commonwealth elicited testimony from Amanda Rader, custodian of records for the Virginia State Police Sex Offender and Crimes Against Minors Registry (the registry), established in conjunction with the Act. See Code §§ 9.1-911, 19.2-390.1. Through Rader, the Commonwealth offered a certified conviction order (the 1986 order) showing that on June 3, 1986, Jack Young was convicted of attempted forcible sodomy and aggravated sexual battery (the 1986 convictions) in the circuit court of Henrico County, Virginia. That order, admitted over the appellant's objection, reflects sentences, pursuant to a plea agreement, of twenty years of incarceration, with ten years suspended, for aggravated sexual battery, and ten years, with five years suspended, for attempted forcible sodomy. The Commonwealth also offered a criminal history report for the appellant from the Virginia Criminal Information Network (the VCIN report) to prove, despite an inconsistency in birth dates, that the appellant was the same Jack Young who was the subject of the 1986 order. The VCIN report, also admitted over the appellant's objection, lists the various names and aliases used by the subject of the report, as well as various dates of birth and social security numbers. Further, the report contains a section titled "Correctional History," which details the appellant's periods of incarceration in the Virginia Department of Corrections (the DOC).

---

[2] On appellate review of a challenge to the sufficiency of the evidence to support a criminal conviction, the appellate court "view[s] the evidence in the light most favorable to the Commonwealth," the party who prevailed below, "granting to [the evidence] all reasonable inferences fairly deducible" from it. Shell v. Commonwealth, 64 Va. App. 16, 20 (2014) (quoting Baylor v. Commonwealth, 55 Va. App. 82, 84 (2009)).

In accompanying testimony, Rader explained that based on the appellant's 1986 convictions for attempted forcible sodomy and aggravated sexual battery, he was classified as a sexually violent offender for purposes of the registry and had a duty to reregister under that classification every ninety days. The trial court also admitted the appellant's 2014 warrant of arrest and conviction, entered upon his guilty plea, for failure to reregister as a nonviolent offender (the 2014 conviction or the 2014 order). Rader explained that as a result of that conviction, the appellant was required to reregister as a sexually violent offender more frequently, every thirty days. Through Rader, the prosecutor also offered numerous reregistration forms completed by the appellant in 2016 and 2017.

Additionally, Trooper Michael King of the Virginia Department of State Police testified about his involvement with the appellant in the course of his duties working for the sex offender investigative unit. King related that when he arrested the appellant for violations of the Act in 2016 and 2017, the appellant made various admissions related to his duty to register and reregister.

At the close of the Commonwealth's case, the appellant moved to strike the evidence, in part asserting the claims that he makes in the instant appeal. The trial judge denied the motion. The appellant opted not to present evidence of his own, but he asked the judge to take judicial notice of what the parole eligibility statute, Code § 53.1-151, provided in 1986, and the judge agreed to do so. The appellant also renewed his motion to strike. The judge denied the motion insofar as it alleged that the Commonwealth had failed to prove that the appellant was "the same individual" convicted of the violent sex offenses in 1986. The judge took under advisement the issue of whether the appellant was subject to the Act, along with a second issue, not in dispute on appeal. The judge stated that as to "[t]he other [issues]," she would "stand[] on [her] ruling."

The parties submitted post-trial memoranda. After reviewing the submissions, the trial judge held "based on the case law and the evidence presented" that the appellant was "clear[ly] . . . subject[] to [the] re-registration requirements" and failed to reregister in a timely fashion. Consequently, the court denied the appellant's motion to strike. It found him guilty of one count of failing to reregister and one count of failing to reregister as a second offense. The appellant was sentenced to five years for the first offense and ten years for the second offense, with all but one year three months suspended.

## II. ANALYSIS

The appellant challenges the sufficiency of the evidence to support his convictions for failing to reregister. He contends that the evidence did not establish that he is subject to the Act's provisions.

### A. Standard of Review

Settled principles of appellate review provide that, to the extent that the appellant's assignments of error require construction of the Act or interpretation of related case law, the question is one of law reviewed *de novo* on appeal. Colbert v. Commonwealth, 47 Va. App. 390, 394 (2006); see John Crane, Inc. v. Jones, 274 Va. 581, 586-87 (2007). However, where the issue is whether the evidence is sufficient to support the conviction, the appellate court must "affirm the judgment unless [it] is plainly wrong or without evidence to support it." Shell v. Commonwealth, 64 Va. App. 16, 20 (2014) (quoting Smallwood v. Commonwealth, 278 Va. 625, 629 (2009)). In conducting this review, the court "view[s] the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible" from the evidence. Id. (quoting Baylor v. Commonwealth, 55 Va. App. 82, 84 (2009)). The pivotal question is whether under the evidence, so viewed, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Purvy v. Commonwealth, 59

Va. App. 260, 272 (2011) (quoting Sullivan v. Commonwealth, 280 Va. 672, 676 (2010)).  "If there is [supporting] evidence . . . , the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial."  Synan v. Commonwealth, 67 Va. App. 173, 185 (2017) (quoting Courtney v. Commonwealth, 281 Va. 363, 366 (2011)).

Further, in an appellate court's assessment of a sufficiency challenge, circumstantial evidence "is as competent . . . as direct evidence" to prove the elements of a crime, "provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt."  Simon v. Commonwealth, 58 Va. App. 194, 206 (2011) (quoting Coleman v. Commonwealth, 226 Va. 31, 53 (1983)).  The Commonwealth, however, "need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Id. (quoting Hamilton v. Commonwealth, 16 Va. App. 751, 755 (1993)).  "The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'"  Commonwealth v. Moseley, 293 Va. 455, 464 (2017) (quoting Commonwealth v. Hudson, 265 Va. 505, 513 (2003)).  The fact finder "determines which reasonable inferences should be drawn from the evidence[] and whether to reject as unreasonable the hypotheses of innocence advanced by a defendant."  Id. Consequently, whether the evidence excludes all reasonable hypotheses of innocence is a "question of fact," and like any other factual finding, it is subject to "revers[al] on appeal only if plainly wrong."  See, e.g., Thorne v. Commonwealth, 66 Va. App. 248, 254 (2016) (quoting Stevens v. Commonwealth, 38 Va. App. 528, 535 (2002)).

B.  The Act and Registry

Pursuant to the Act, "[e]very person convicted" of one or more specified offenses "*on or after* July 1, 1994, . . . shall register and reregister" with the registry.  Code § 9.1-901 (emphasis

added) (referencing the offenses set forth in Code § 9.1-902). The Act also requires "[e]very person" convicted *before* July 1, 1994, who is "serving a sentence of confinement" or "under community supervision" for such an offense "*on or after*" that date to "register and reregister." Id. (emphasis added). The Act subdivides the offenses requiring registration and reregistration into a variety of categories, including "sexually violent offense[s]." Code § 9.1-902(A)(4).

A failure to register or reregister in a timely fashion is a violation of Code § 18.2-472.1. The penalty for such a failure is higher for one whose predicate conviction is for "a sexually violent offense." Compare Code § 18.2-472.1(B), with Code § 18.2-472.1(A).

The appellant concedes that the offenses of conviction in the 1986 order for Jack Young—attempted forcible sodomy and aggravated sexual battery—are "[s]exually violent offense[s]" under the Act. See Code § 9.1-902(A)(4), (E)(1). However, he disputes the sufficiency of the evidence to prove two things. First, he contends that the Commonwealth's evidence, including the 1986 order and the VCIN report, fails to establish that he was "serving a sentence of confinement" or "under community supervision" for one of those offenses on or after July 1, 1994, as required by Code § 9.1-901(A) to compel him to register. Second, he challenges the sufficiency of the evidence to prove that he was the "Jack Young" named in the 1986 order.

C. Sufficiency of the Evidence

1. Relevant Evidence in the Record

As a preliminary matter, as part of the appellant's sufficiency challenge, he seeks to limit consideration of two pieces of evidence, his 2014 conviction for failing to reregister and the VCIN report. He acknowledges that these documents were admitted into evidence in the trial court, and on appeal he does not assign error to their admission. Nevertheless, he contends that the trial court limited the purposes for which they were admitted and suggests that this Court must do the same.

In considering the appellant's contentions, we note that unless an applicable statute or rule provides otherwise, "a trial court is not required to give findings of fact and conclusions of law" to support a ruling. Bowman v. Commonwealth, 290 Va. 492, 500 n.8 (2015) (quoting Fitzgerald v. Commonwealth, 223 Va. 615, 627 (1982)). As a corollary to that principle, when a trial court does not specifically limit its admission of evidence to use for a particular purpose, an appellate court reviewing a ruling "must consider all the evidence admitted at trial that is contained in the record," without regard for whether the trial court mentioned each piece of evidence in its ruling. See Bolden v. Commonwealth, 275 Va. 144, 147 (2008). Further, "[a]ppellate courts do 'not fix upon isolated statements of the trial judge taken out of the full context in which they were made.'" Vay v. Commonwealth, 67 Va. App. 236, 253 (2017) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978 (1977)). A "remark" of the trial judge "is not, in and of itself, 'the full context' simply because it represents the only point at which the court [expressly] addressed the issue." Bassett v. Commonwealth, 13 Va. App. 580, 583-84 (1992) (quoting Yarborough, 217 Va. at 978). We examine the appellant's challenges to our ability to consider these pieces of evidence on appeal with these sound legal principles in mind.

a. Scope of Admission of the 2014 Conviction for Failing to Reregister

The appellant argues that the trial court admitted his 2014 conviction for failing to reregister for a limited purpose that did not include establishing that he had a duty to register. We hold that the record does not support this contention.

At the appellant's trial for violating Subsection (B) of Code § 18.2-472.1, he objected to the admission of the 2014 conviction as irrelevant because it was for failing to reregister as a nonviolent sex offender under Subsection (A). During extensive discussion of the issue, the prosecutor argued that she wished to have the conviction admitted "to prove that [the appellant]

had a different registry obligation, which was [to reregister every] 30 days versus 90 days." The trial judge observed that the prosecutor was not offering the 2014 conviction "as a predicate" to support an enhanced penalty for failing to reregister as a sexually violent offender under Code § 18.2-472.1(B), and the prosecutor confirmed that characterization. The appellant offered to stipulate that he was "supposed to be [re]registering every 30 days" to "obviate[] the need to admit" the 2014 conviction. He then clarified that he was "not stipulating to the conviction" but only to the frequency with which he was required to reregister.

The prosecutor hesitated to agree to the stipulation. She expressed concern about meeting her burden to prove the underlying registration requirement itself and said that she "[did not] want to have an issue with the elements when [the case reached the] argument [stage]." When the appellant confirmed his belief that the parties disagreed "about whether [he was] required to register" in the first place, the judge rejected his proffered stipulation. The judge then admitted the 2014 conviction, "not as a predicate offense" for Code § 18.2-472.1(A) but "to show what the requirements would be to register and what classification [the appellant] would be under."

Accordingly, the record establishes that the only clear limitation that the trial judge placed on admission of the appellant's 2014 conviction was that she would not consider the conviction as a predicate offense under Subsection (A). She also expressly stated that she was admitting the evidence as relevant to the appellant's registration requirements and classification under the Act. The appellant did not renew his objection to the admission of the conviction or seek clarification regarding the purposes for which it was admitted. To the extent that in the trial court the appellant believed that the 2014 conviction was irrelevant to issues in addition to establishing a predicate offense, it was his burden to obtain a clear ruling from the trial court on that point. Cf. Williams v. Commonwealth, 57 Va. App. 341, 347 (2010) (recognizing that when

a party fails to obtain a ruling on a matter presented to a trial court, "there is no ruling for [the appellate court] to review" (quoting Fisher v. Commonwealth, 16 Va. App. 447, 454 (1993))). Contrary to the appellant's contention, the record does not reflect that the trial judge refused to consider the conviction as evidence that he had a duty to register under the Act.

Therefore, we consider the 2014 conviction to the extent that we conclude it is relevant to prove that the appellant was required to register for purposes of Code § 18.2-472.1(B).

b. Scope of Admission of the VCIN Report

The appellant also asserts that the trial judge "specifically rejected the VCIN [report]" as evidence that he was incarcerated or under community supervision on or after July 1, 1994. Again, the record does not support this argument.

The judge's statements, viewed in context, clearly indicate that she admitted the report and weighed it in making her ruling. The prosecutor referenced the VCIN report in argument on the appellant's motion to strike, noting that the report contains the appellant's probation and parole history. The judge read aloud from the section of the report detailing that history. When the appellant objected to the judge's considering the report as a "DOC . . . record" of "probation or parole," she replied, in part, "The whole thing was introduced, you didn't make the objection . . . ." Elaborating, the judge explained, "You just made the objection that it was hearsay[,] and the Court said it was a business record . . . , so it's in. . . . You can make your objections later. . . . What we're arguing right now is whether that exhibit shows what [the prosecutor] says it shows [about the appellant's correctional history]." The judge then mentioned the various dates and offenses listed in the VCIN report and concluded, "There's nothing that would match [the entry in the DOC history showing mandatory parole in] 2002, other than this charge [for the 1986 sexually violent offenses]. So, again, like I said, *I'm not going to read this*. I think they've made a prima facie case to go forward." (Emphasis added).

Considered in context, the judge's comments make clear that she considered the VCIN report in making her ruling. A reasonable inference from the record is that she stated, "I'm not going to read this," to indicate that she did not need to consult the report *further* at that stage of the proceedings because she believed that the evidence was sufficient to prove a *prima facie* case. This conclusion is consistent with what followed. The judge permitted the parties to file memoranda on the issue of whether the appellant was subject to the Act's registration requirements. After the judge read the memoranda, which included discussion of the VCIN report, she held "based on the case law and the evidence presented" that the appellant was subject to the registration requirement.

Consequently, the record does not support the appellant's claim that the judge refused to consider the VCIN report as evidence that the appellant was incarcerated on July 1, 1994.

### 2. Proof of Incarceration or Supervision on or after July 1, 1994

The appellant challenges the sufficiency of the evidence to prove that he was incarcerated for the 1986 convictions on or after July 1, 1994, and, therefore, was subject to the registration provisions of the Act. The appellant's 2014 guilty plea and resulting conviction for failing to reregister, along with his various other concessions about his duty to register and reregister, support the trial court's finding that he was subject to the registration provisions of the Act. The contents of the VCIN report further corroborate this finding.

The trial court's conclusion that the appellant was subject to the registration provisions of the Act is supported by the admissions that the appellant made in his 2014 guilty plea to the reregistration offense.

First, the appellant does not dispute that he is the same Jack Randall Young who was the subject of the 2014 conviction order, and the circumstances support such a finding.[3] See Holmes v. Commonwealth, 41 Va. App. 690, 692 (2003) (citing Cook v. Commonwealth, 7 Va. App. 225, 230 (1988)). The order contains his full name and date of birth. Further, the social security number in the 2014 order is the same social security number listed for the appellant in the conviction and sentencing orders in the instant case. As a result, the record supports a finding that the 2014 order pertains to him. See Cook, 7 Va. App. at 230.

Second, the fact that the appellant pleaded guilty to the offense of failing to reregister in 2014 is evidence "that he was a person subject to registration" in 2017. See Shell, 64 Va. App. at 20-21. The appellant, who was represented by counsel and entered his plea voluntarily and intelligently, is not permitted to collaterally attack his plea and conviction. See id. at 17-18, 21. The fact that the appellant pleaded guilty in 2014 to failing to reregister as a nonviolent offender, an offense carrying a lesser penalty than failing to reregister as a sexually violent offender, does not negate the evidentiary value of his plea to prove the "duty to register or reregister" prong of the offense. The nature of the offense as a sexually violent one is a separate element that was proved by other evidence in this case, as discussed *infra* in Part II.C.3. Compare Code § 9.1-901 (setting out the registration duties under the Act following conviction of *any* offense set forth in Code § 9.1-902), with Code § 9.1-902 (subdividing the offenses requiring registration into various categories, including sexually violent offenses).

In addition to the appellant's 2014 guilty plea and conviction, his admissions in numerous reregistration forms, coupled with his various related statements, constitute additional

---

[3] Although the appellant objected to admission of the 2014 order on other grounds, he did not dispute that the order pertains to him. The appellant showed a clear awareness of his ability to object on this ground, as he lodged just such an objection to the admission of the 1986 conviction order.

circumstantial evidence that he was required to register under the Act and failed to do so in a timely fashion. The record contains six reregistration forms completed by the appellant in 2016 and 2017, on which he checked a box indicating that he was a "Sexually Violent Offender" and signed on the line immediately adjacent to that box. Further, in statements to Trooper King, the appellant admitted that it was "[his] fault" that he submitted some of his reregistration paperwork late, and he complained because King arrested him for being "[a] few days late returning [his] reregistration letter."

Finally, the contents of the VCIN report also support the conclusion that the appellant was subject to the registration provisions of the Act.

The DOC "Correctional History" section of the VCIN report reflects in relevant part as follows:[4]

```
PEN FARM GOOCHLAND    11/29/1983    RECEIVED
                           = =>     FELONY
11/29/1983    FELONY UTTERING
                    SENT:  5 YRS
11/29/1983    NEW PRISNER RCVD    POW RCP&CLSS CTR
06/21/1985    DSCRTNRY PRL SUP    HNRICO P&P-DT 32
06/23/1986    RTRND FRM PAROLE    HENRICO REG WEST
07/03/1986    RTRND FRM PAROLE    BRNSWCK CORR CTR
07/07/1986    DISC PRL VLTR       BRNSWCK CORR CTR
12/03/2002    MAND PAROLE         HNRICO P&P-DT 32
```

This excerpt shows the appellant's DOC history, as it appears in the VCIN report, from its inception through his release from prison in 2002.

The trial court was permitted to draw reasonable inferences from the evidence, including the abbreviations used in the VCIN report. Cf. Joyce v. Commonwealth, 56 Va. App. 646, 665 (2010) (implicitly permitting the inference that the abbreviation "DOO" preceding a date in a sentencing order, which was admitted to prove a prior conviction, stood for "date of offense").

_____

[4] This excerpt omits various numerical notations that appear in the VCIN report.

The court in fact drew such inferences, on the record, at the *prima facie* evidence stage of the proceedings.

The correctional history portion of the VCIN report reflects that the appellant was received into the DOC in late 1983 for a five-year sentence for uttering. The report further reflects that he was released on discretionary parole after only about nineteen months, supporting the inference that he still had time remaining on that sentence. The trial court expressly recognized the appellant's 1985 release on discretionary parole when analyzing the DOC history reflected in the VCIN report. The court further observed that the appellant was returned from parole in 1986, at which time he was noted to be a "discretionary parole VLTR," and that he was released on mandatory parole in 2002. Finally, the court found that nothing in the VCIN report "match[ed the mandatory parole release in] 2002, other than th[e] charge [for the 1986 sex offenses]." Although the judge made these observations in ruling on the appellant's motion to strike at the close of the Commonwealth's evidence, they also support her ultimate ruling that the appellant was incarcerated for a sexually violent offense on or after July 1, 1994, thereby subjecting him to the registration provisions of the Act.

This ruling is not inconsistent with the information in the record about the length of the appellant's sentences for the 1986 sexually violent offenses. The time that passed between his return from discretionary parole in July 1986 and his release on mandatory parole in December 2002 was about sixteen years five months. The fact that the appellant received an active sentence of fifteen years for the sexually violent offenses and had also violated discretionary parole for the five-year uttering sentence, on which he had previously served only about nineteen months, readily explains his DOC incarceration for the period of sixteen years five months. See generally Code § 53.1-159 (providing that "[e]very person who is sentenced and committed under the laws of the Commonwealth to the Department of Corrections or as provided for in

- 13 -

§§ 19.2-308.1, 53.1-152 or § 53.1-153 shall be released on parole . . . six months prior to his date of final release"). Further, regardless of the order in which the appellant served his sentences for uttering, attempted forcible sodomy, and aggravated sexual battery, the evidence supports a finding, due to the fifteen-year active sentence for the sexually violent offenses and the much shorter time remaining on the sentence for the uttering offense, that the appellant was incarcerated for at least one of the sexually violent offenses on or after July 1, 1994.

This evidence negates the appellant's claimed hypothesis that he could have been released from incarceration for the 1986 offenses after serving less than three years nine months, well prior to July 1, 1994, due to statutes in effect at the time providing for good time credit and parole. Although the existence of these statutes during the relevant time period indicates that it might theoretically have been possible for the appellant to have been released from prison and all supervision for the 1986 offenses prior to July 1, 1994, the DOC history in the VCIN report supports the trial court's finding that he in fact served his full fifteen-year sentence for those offenses.

We also reject the appellant's suggestion that the DOC history in the VCIN report is unreliable because it is inconsistent with the list of felony convictions in the report. He points to a 1978 larceny (committed in 1977) in the list of felony convictions that does not appear in the DOC history and, conversely, to a felony uttering that appears in the DOC history for 1983 but not in the list of felony convictions. However, when the appellant argued to the trial court that "there's something listed from '83," the trial judge responded, "No." She then explained that the appellant had (i) a 1978 conviction for larceny, (ii) the 1986 convictions for "these sex offenses," (iii) a 2004 grand larceny conviction, and (iv) "the [2014 failure to] regist[er]" and "that's it." This finding is not plainly wrong because a reasonable inference from the record is that the 1977 and 1983 offenses are the same offense. In both 1977 and 1983, the offense of uttering was

defined as larceny. See Code § 18.2-181; see also 1975 Va. Acts chs. 14, 15 (enacting Code § 18.2-181). Accordingly, the record supports an inference that when the appellant was convicted of felony larceny in 1978, he received a suspended sentence and had no contact with the DOC at that time. It further supports the inference that he was not admitted to the DOC for the 1978 larceny offense until 1983, after he was convicted of two misdemeanor alcohol offenses in Virginia, as well as "bail bond jumping" and two counts of theft in another state.

Consequently, on this record, viewed in the light most favorable to the Commonwealth, the VCIN report is not internally inconsistent and supports the trial court's finding that the appellant was incarcerated for at least one of the 1986 sexually violent offenses on or after July 1, 1994. Cf. Joyce, 56 Va. App. at 665-66 (affirming a subsequent-offense conviction where a VCIN report linked the defendant to a prior conviction, despite a claim that the report might be inaccurate, because the burden of proof was "beyond a reasonable doubt," not "beyond all doubt" (first quoting Fiore v. White, 531 U.S. 225, 229 (2001); then quoting Harris v. Commonwealth, 206 Va. 882, 887 (1966))).

### 3. Proof of Conviction of a Sexually Violent Offense

The appellant next challenges the sufficiency of the evidence to prove that he was convicted of a sexually violent offense as defined in the Act. He concedes that the offenses of conviction in the 1986 order qualify as sexually violent offenses, but he disputes that the evidence is sufficient to prove that he is the person named in the order.

"[I]dentity of names carries with it a [permissive inference] of identity of person, the strength of which will vary according to the circumstances." Holmes, 41 Va. App. at 692 (quoting Cook, 7 Va. App. at 230). The appellant admits that the subject of the 1986 order shares his name, Jack Young, but he notes that the name is a very common one, that it is listed beneath the name "Douglas Wayne King" in the order, and that the birth date for the Jack Young

listed in the order is not his birth date. He also claims that the other evidence in the record is insufficient to prove that he is the person in the order because it does not "exclude the possibility that another person, someone named Douglas King for example, was convicted of the offenses in 1986[] and used [the] name" of the appellant. The appellant's claim fails because the evidence as a whole, including the VCIN report, viewed under the proper standard, supports the trial court's finding that he is the person who was convicted of the offenses in the 1986 order.

The record belies the appellant's claim that the Commonwealth is not entitled to the permissive inference that he is the subject of the 1986 order because of a lack of identity of names. The order specifically references "Douglas Wayne King, *whose true name is Jack Young*." (Emphasis added). The order makes clear that the "true name" of the subject of the order is the same as the appellant's name.

Additionally, despite the common nature of the name, the VCIN report and its contents support a finding that the appellant is the *same* Jack Young convicted of the offenses set out in the 1986 order, thereby establishing "identity of person." See id.; see also Joyce, 56 Va. App. at 665-66 (affirming a conviction where a VCIN report provided evidence of the defendant's prior convictions based on aliases involving names, birth dates, and social security numbers listed in the report, as well as fingerprint comparisons). The VCIN report lists the various names and aliases used by the subject of the report, as well as various dates of birth and social security numbers. The aliases listed in the VCIN report include Jack Randall Young, which is the appellant's more unique full name. The aliases also include Douglas W. King, the same alias listed in the 1986 order. The birth dates in the VCIN report include August 13, 1956, which the appellant asserts is his birth date, as well as April 18, 1957, the birth date in the 1986 order. The report also reflects that the Jack Randall Young named in the VCIN report had June 3, 1986 convictions for attempted forcible sodomy and aggravated sexual battery rendered in Henrico

- 16 -

County, which other evidence establishes are the "exact[]" offenses contained in the challenged conviction order.

Further, the record contains additional evidence concerning the accuracy of the identifying information contained in both the VCIN report and registry files. The VCIN report reflects that in conjunction with each conviction record included within the report, the defendant was fingerprinted. The report affirmatively states that "[a]ll arrest entries contained [within it] *are based on fingerprint comparisons and pertain to the same individual*." (Emphasis added). Regarding the registry, Rader confirmed that state police employees are tasked with "mak[ing] sure" that all registration and reregistration records "uploaded into the system" and linked to a particular offender properly relate to "the same offender." The record reflects that thumbprints are used for this purpose. Rader also explained that she "maintained" the 1986 conviction order in her records as "part of [the appellant's] case file for the registry" and accessed it from that location for purposes of admission at trial. This information identifies the appellant, who was convicted of failing to reregister under the Act in 2014, as the same person who was convicted of the sexually violent offenses in 1986. See Joyce, 56 Va. App. at 666.

The appellant points to what he claims are various inconsistencies in the VCIN report, as well as language stating that the material listed in the report does not preclude the existence of other criminal history information. However, the purported inconsistencies he identifies are readily explained by the fact that the report contains separate categories of information recorded by the Commonwealth and the Federal Bureau of Investigation (FBI). It is unsurprising that the list of name and birth date aliases recorded as having been used by the appellant in the Commonwealth is less robust than the list kept by the FBI, a national agency with a presumably more comprehensive list. Also, in light of the report's assurance that the convictions it contains involve the same person with the same unique fingerprints, it is not dispositive that the report

states that it does not preclude the existence of possible *additional* criminal history information. The weight to be given the VCIN report under these circumstances was within the province of the fact finder. C.f., e.g., Taylor v. Commonwealth, 52 Va. App. 388, 393 (2008) (holding that when identification evidence was found to meet baseline reliability requirements and was admitted at trial, "the weight to be attributed to the evidence [was] for the [fact finder] to decide" (second alteration in original) (quoting Bryant v. Commonwealth, 10 Va. App. 421, 427 (1990))). Finally, any vagueness in the meaning of the many numbers and abbreviations contained in the report is not fatal to the trial judge's ability to draw reasonable inferences from the data.

Thus, the record supports the trial court's finding that the evidence excludes all of the appellant's claimed hypotheses of his innocence of the offense of failing to reregister as a sexually violent offender.

### III.  CONCLUSION

We hold that the evidence supports the trial court's ruling that the appellant was subject to the registration provisions of the Act. It proves that although he was convicted of a sexually violent offense in 1986, before the Act took effect, he was incarcerated for that offense on or after July 1, 1994, as required for him to be subject to the Act's provisions. Consequently, we affirm the appellant's convictions, one for failing to register or reregister in violation of Code § 18.2-472.1(B) and one for violating that statute a second or subsequent time, as reflected in the sentencing order. We remand the case solely for the correction of the clerical error in the conviction order, which incorrectly states that the appellant was convicted of two counts of failing to register or reregister as a second or subsequent offense. See Code § 8.01-428(B); see also, e.g., Howell v. Commonwealth, 274 Va. 737, 739 n.*, 742 (2007).

Affirmed and remanded.