COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Lorish and Senior Judge Petty

SUSAN NEAL MATOUSEK

v.     Record No. 1603-22-1

CITY OF VIRGINIA BEACH

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Catherine C. Hammond, Judge Designate

(Susan Neal Matousek, on brief), *pro se*.

No brief for appellee.

Appellant Susan Neal Matousek, *pro se*, sued the City of Virginia Beach, various law

enforcement officers, medical personnel, contractors, and other city employees for a variety of torts.

After examining the brief and record, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

Because Matousek did not file a timely transcript or written statement of facts in lieu of a transcript,

and a transcript or written statement of facts is indispensable to a determination of the issues on

appeal, we affirm the circuit court.

BACKGROUND

Matousek sued the City of Virginia Beach, alleging that she was beaten by Melissa

Johnston, an officer with the Virginia Beach police department, while Matousek was in the Virginia

Beach courthouse. Matousek also alleged that Johnston stole her identification, that she was subject

to malicious prosecution by Assistant Commonwealth's Attorney Sara Chandler, harassment, and

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

other mistreatment by Virginia Beach police and employees. The City of Virginia Beach filed a special plea in bar and demurrer. The plea in bar cited claim preclusion on the ground that the controversy at issue had been previously adjudicated in federal court, and expiration of the statute of limitations. The demurrer argued, *inter alia*, that "Matousek's complaint alleges a wide variety of allegations against" many actors, "most having no apparent connection with the City," involves "seemingly unrelated events," and is "unreasonably confusing." Later, Matousek filed an additional complaint for malicious prosecution. On November 30, 2021, the trial court dismissed Matousek's complaints with prejudice in part, and without prejudice and with leave to refile in part.

Matousek then filed an amended complaint, alleging police misconduct and defamation by a medical provider. The City of Virginia Beach filed a special plea and demurrer to the amended complaint. The City of Virginia Beach asserted sovereign immunity in its special plea and lack of vicarious lability for the actions of a contractor in its plea in bar. In its demurrer, Virginia Beach again asserted that Matousek's amended complaint was "unreasonably confusing." According to the demurrer, "Matousek's Amended Complaint alleges . . . a wide variety of allegations against a variety of actors and involving seemingly unrelated events in conclusory terms," and "the Amended Complaint lacks a legal basis for judgment against the City in Matousek's favor and/or is confusing to the point of obscuring the true nature of any claim Matousek may intend to assert against the City." Matousek then filed another amended complaint, apparently without leave of court, against the City of Virginia Beach, police officers, circuit court employees, and the City Attorney of Virginia Beach, alleging various acts of harassment by an assortment of individuals.

The trial court held a hearing on the city's special plea and demurrer on August 8, 2022, and dismissed Matousek's claims with prejudice "upon full consideration of the pleadings,

applicable law, and arguments presented."  By a handwritten entry on the final order, the trial court stated that all of the objections Matousek made at the hearing were preserved, without specifying the substance of those objections.  Later that day Matousek filed a motion to rehear, claiming that she did not receive the demurrer argued that day.  Without obtaining a ruling from the trial court on her motion, Matousek filed an untimely notice of appeal on October 19, 2022.[1]

On November 10, 2022, this Court dismissed Matousek's appeal as untimely, having been filed outside of the 30-day period prescribed by Rule 5A:6(a).  *See Turner v. Commonwealth*, 2 Va. App. 96 (1986).  On November 22, 2022, Matousek petitioned this Court for rehearing on the ground that she had been unable to timely file her notice of appeal because she had been involuntarily confined at Eastern State Hospital.  This Court granted the petition, vacated the November 10, 2022 order, and reinstated the appeal on the docket.

ANALYSIS

An "appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . .  We may act only upon facts contained in the record." *Browning v. Browning*, 68 Va. App. 19, 26-27 (2017) (alteration in original) (quoting *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993)).  "The content of the record on appeal is delineated by Rule 5A:7." *Id.* at 27.  "[T]he transcript of any proceeding or a written statement of facts, testimony, and other incidents of the case" are part of the record "as provided in Rule 5A:8."  Rule 5A:7(a)(7).  To be made part of the record, such transcript, or a "written statement of facts, testimony, and other incidents of the case" filed in lieu of a transcript, becomes "part of the record when it is filed with the office of the clerk of the trial court within 60 days after entry of final

---

[1] It "was [Matousek's] burden to obtain a clear ruling from the trial court" on her motion to rehear. *Young v. Commonwealth*, 70 Va. App. 646, 657 (2019).  "When a party fails to obtain a ruling on a matter presented to a trial court, 'there is no ruling for [the appellate court] to review.'" *Id.* (alteration in original) (quoting *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010)).

judgment." Rule 5A:8(a), (c)(1). "[T]he failure to present a complete record upon which this Court can make an effective determination of the issues may bar our consideration of a party's assigned errors." *Browning*, 68 Va. App. at 25.

"[W]e are a court of review, not of first view." *Glacier Nw., Inc. v. Int'l Bhd. of Teamsters Local Union No. 174*, 143 S. Ct. 1404, 1424 (2023) (alteration in original) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 718 n.7 (2005)). "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "This contemporaneous-objection requirement affords 'the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials.'" *Hammer v. Commonwealth*, 74 Va. App. 225, 236 (2022) (quoting *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015)).

In its final order, the trial court was careful to note that Matousek "appeared, *pro se*, and stated her objections to the ruling of the Court. All objections are preserved and plaintiff was notified of her right to appeal." But Matousek failed to file either a transcript or a written statement of facts in lieu of a transcript, and in the absence of such, we have no way to ascertain what objections Matousek raised below, what arguments the parties marshalled for and against them, how the trial court ruled on the objections, and why the court so ruled. *See Medeiros v. Va. Dep't of Wildlife Res.*, No. 1463-22-2 (Va. Ct. App. Jul 11, 2023); *Depaz v. Council of Co-Owners of the Westerlies Condo. Ass'n.*, No. 0228-22-4 (Va. Ct. App. Oct. 25, 2022). In sum, a transcript or written statement of facts in lieu of a transcript of the August 8, 2022 hearing is "indispensable to the determination of th[e] issue[s]" Matousek raises. *Shiembob v. Shiembob*, 55 Va. App. 234, 247 (2009).

"The sanction for failure to comply with Rule 5A:8(a) is governed by Rule 5A:8(b)(4)(ii), which provides that '[w]hen the appellant fails to ensure that the record contains transcripts . . . necessary to permit resolution of appellate issues, *any assignments of error affected by such omission* shall not be considered.'" *Browning*, 68 Va. App. at 28 (alterations in original). Such assignments of error are "waived on appeal." *Id.* at 30 (quoting *Shiembob*, 55 Va. App. at 246).

CONCLUSION

Because Matousek failed to file a transcript or written statement of facts in lieu of a transcript, which is indispensable to the resolution of her assignments of error, "[w]e have no alternative but to" affirm the judgment of the trial court below. *Turner*, 2 Va. App. at 100.

*Affirmed*.