COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Judges Causey, Raphael and Senior Judge Clements
Argued at Richmond, Virginia


DAVID KENNETH BEASLEY

v.      Record No. 1000-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JEAN HARRISON CLEMENTS
NOVEMBER 12, 2025


FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Dennis M. Martin, Sr., Judge

Eric Weathers, Assistant Public Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

S. Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted David Kenneth Beasley of three counts of

failing to register or reregister as a sex offender under the Virginia Sex Offender and Crimes

Against Minors Registry Act (the Act), Code §§ 9.1-900 to -923, in violation of Code

§ 18.2-472.1(B).  On appeal, Beasley contends that the evidence is insufficient to support his

convictions and that the trial court abused its discretion by refusing to admit certain hearsay

evidence.  We disagree with Beasley's assertions and affirm the trial court's judgment.

BACKGROUND

"On appeal, 'we review the evidence in the "light most favorable" to the Commonwealth,'

the prevailing party below." *Diaz v. Commonwealth*, 80 Va. App. 286, 295 (2024) (quoting

*Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc)).  "That principle requires us to

'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc)).

In February 2023, Virginia State Police Special Agent Petway began investigating Beasley for possible violations of the sex offender registry requirements. Agent Petway repeatedly tried to contact Beasley, including calling him and sending a compliance agent to Beasley's residence. Beasley was a Tier III[1] offender and was required to update his sex offender registration every 90 days by filing a reregistration form. If his employment situation changed, he was required to update his information within three days. In January 2023, Beasley filed his reregistration form four days late. Beasley explained that he filed the form late because he had COVID-19 and that he had informed his probation officer.

Agent Petway examined Beasley's sex offender registry file as part of her investigation. She observed that Beasley had two jobs listed, one at Labor Finders, a temp agency, and the other as self-employed. In June 2021, Beasley updated his residential address to an address in Petersburg. His self-employment address, however, listed his former residential address in Richmond. Beasley stated that before he moved to Petersburg, he rented the basement of a house and that he continued renting the space to use as his office after he moved. He initially stated that the last time he worked in the office was February 22, 2022, but he later said it was February 22, 2023. After his arrest, Beasley stated that he had signed the business over to his aunt and did not know if she maintained the same office space.

Beasley registered his job at Labor Finders on June 3, 2019. Compliance Officer Chanel Carter went to Labor Finders on March 1, 2023, but Beasley was not there. Carter did not "find any proof or indication that [Beasley] was working there during [her] investigation." Beasley stated that he worked at Labor Finders sporadically and described it as "basically just a day laborer job site."

---

[1] *See* Code § 9.1-902.

He stated that he worked there in 2023, but he could not recall the date. Beasley claimed that he received wages from Labor Finders in 2023, but there was no documentation with the Virginia Employment Commission demonstrating that he had been paid. As of March 2, 2023, Beasley had not updated his employment status, as required.

Without objection, the Commonwealth introduced three affidavits produced by the Sex Offender Registry, outlining Beasley's violations. The affidavits demonstrated that Beasley had not updated his employment status.

Beasley testified that he kept Labor Finders on his registration because if he removed it and needed to take a temporary job, he would have to wait several days for the registry to approve it. When Beasley testified that his probation officer approved his leaving the job on his registration, the Commonwealth objected on hearsay grounds. The trial court sustained the objection and struck Beasley's response that he was referring to his probation officer. The trial court also sustained the Commonwealth's objection to Beasley's testimony about any responses by his probation officer when he told her that he would submit his January reregistration form late after he was released from COVID quarantine.

The jury found Beasley guilty of three counts of failing to register or reregister as a sex offender. Beasley appeals.

ANALYSIS

I.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable

doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is, upon review of the evidence in the light most favorable to the prosecution, whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Pijor*, 294 Va. at 512). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

Beasley asserts that the Commonwealth did not prove he knowingly failed to reregister with updated employment information. "Pursuant to the Act, '[e]very person convicted' of one or more specified offenses 'on or after July 1, 1994, . . . shall register and reregister' with the registry." *Young v. Commonwealth*, 70 Va. App. 646, 654 (2019) (alterations in original) (quoting Code § 9.1-901 (referencing the offenses set forth in Code § 9.1-902)). "The Act subdivides the offenses requiring registration and reregistration into a variety of categories, including 'sexually violent offense[s].'" *Id.* (alteration in original) (quoting Code § 9.1-902(A)(4)). A failure to register or reregister in a timely fashion is a violation of Code § 18.2-472.1. The penalty for such a failure is higher for one whose predicate conviction is for "a sexually violent offense." *Compare* Code § 18.2-472.1(B), *with* Code § 18.2-472.1(A). "Any person required to register shall reregister in person with the local law-enforcement agency where his residence is located within three days following any change of the place of employment . . . ." Code § 9.1-903(E).

"Any person convicted of a Tier III offense or murder, as defined in § 9.1-902, who knowingly fails to register, reregister, or verify his registration information, or who knowingly

- 4 -

provides materially false information to the Sex Offender and Crimes Against Minors Registry is guilty of a Class 6 felony." Code § 18.2-472.1(B).

> At any trial or hearing other than a preliminary hearing conducted pursuant to this section, an affidavit from the State Police issued as required in § 9.1-907 shall constitute prima facie evidence of the failure to comply with the duty to register, reregister, or verify his registration information, provided the requirements of subsection G have been satisfied and the accused has not objected to the admission of the affidavit pursuant to subsection H.[2]

Code § 18.2-472.1(F).

---

[2] Code § 18.2-472.1(G) provides:

> If the attorney for the Commonwealth intends to offer the affidavit into evidence in lieu of testimony at a trial or hearing, other than a preliminary hearing, he shall:
>
> 1. Provide by mail, delivery, or otherwise, a copy of the affidavit to counsel of record for the accused, or to the accused if he is proceeding pro se, at no charge, no later than 28 days prior to the hearing or trial;
>
> 2. Provide simultaneously with the copy of the affidavit so provided under subdivision 1 a notice to the accused of his right to object to having the affidavit admitted without the presence and testimony of a custodian of the records; and
>
> 3. File a copy of the affidavit and notice with the clerk of the court hearing the matter on the day that the affidavit and notice are provided to the accused.

Code § 18.2-472.1(H) provides:

> In any trial or hearing, other than a preliminary hearing, the accused may object in writing to admission of the affidavit, in lieu of testimony, as evidence of the facts stated therein. Such objection shall be filed with the court hearing the matter, with a copy to the attorney for the Commonwealth, no more than 14 days after the affidavit and notice were filed with the clerk by the attorney for the Commonwealth, or the objection shall be deemed waived. If timely objection is made, the affidavit shall not be admissible into evidence unless (i) the objection is waived by the accused or his counsel in writing or before the court, or (ii) the parties stipulate before the court to the admissibility of the affidavit.

Here, Beasley did not object to the admission of the affidavits. The affidavits constituted prima facie evidence of Beasley's failure to comply with his duty to reregister. The affidavits demonstrated that Beasley had not updated his employment status for either his self-employed job or the Labor Finders job. Further, the jury heard evidence that Beasley was not at Labor Finders when the compliance agent looked for him, and there was no evidence that Beasley had received any wages from the company or paid taxes on any earnings in 2023. Similarly, the evidence showed that Beasley never reported the change in his self-employed address.

"The credibility of the witnesses and the weight accorded the evidence are matters *solely for the fact finder* who has the opportunity to see and hear that evidence as it is presented." *Commonwealth v. Perkins*, 295 Va. 323, 328 (2018) (quoting *Elliott v. Commonwealth*, 277 Va. 457, 462 (2009)). The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness's] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v. Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019) (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "Where credibility issues are resolved by the [fact finder] in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010). "Moreover, '[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" *Maust v. Commonwealth*, 77

- 6 -

Va. App. 687, 703 (2023) (alteration in original) (quoting *Speller v. Commonwealth*, 69 Va. App. 378, 388 (2018)).

"When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree." *Smith*, 56 Va. App. at 718 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). As long as a "witness deposes as to facts[,] which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony." *Id.* (alteration in original) (quoting *Swanson*, 8 Va. App. at 379). "If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court." *Id.* at 718-19 (quoting *Swanson*, 8 Va. App. at 379).

Here, the jury permissibly rejected Beasley's explanations, believed the Commonwealth's evidence, and accepted the affidavits demonstrating that Beasley had failed to reregister within three days of changes to his employment status. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Beasley committed the offenses.

## II.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" *Blankenship v. Commonwealth*, 69 Va. App. 692, 697 (2019) (quoting *Michels v. Commonwealth*, 47 Va. App. 461, 465 (2006)). "An abuse of discretion occurs 'when a relevant factor that should have been given significant weight is not considered' or 'when an irrelevant or improper factor is considered and given significant weight.'" *Diaz*, 80 Va. App. at 304 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "In evaluating whether a

trial court abused its discretion, . . . '[this Court does] not substitute [its] judgment for that of the trial court. Rather, [this Court] consider[s] only whether the record fairly supports the trial court's action.'" *Id.* at 304-05 (alterations in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Id.* at 305 (quoting *Lambert*, 70 Va. App. at 749).

Beasley argues that the trial court abused its discretion "by sustaining the Commonwealth's objections to, and striking from the record, [his] testimony regarding statements made by his [p]robation [o]fficer." Beasley complains that the court prevented him from testifying that he had permission to list Labor Finders on his registration form and that his probation officer told him that it was "fine" to file his January reregistration form late because of his COVID quarantine period.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of th[e] contemporaneous objection requirement [in Rule 5A:18] is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015). "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

Beasley failed to object to the exclusion of his testimony that his probation officer told him he could file his reregistration form late. The Commonwealth objected to any hearsay

statements and the court advised Beasley that he could not testify about "anything [the probation officer] said to him." Beasley did not object to this ruling and failed to make this argument below. Similarly, to the extent Beasley raises a due process argument on appeal, he did not raise such an issue before the trial court and therefore he did not preserve this argument for appeal. *See* Rule 5A:18. Although there are exceptions to Rule 5A:18, Beasley has not invoked them directly, and we do not do so sua sponte. *Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023). Furthermore, to the extent Beasley asserts that the trial court somehow prevented him from making a due process argument, the record does not support that proposition.

## CONCLUSION

Accordingly, we affirm the trial court's judgment.

*Affirmed.*