# COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, O'Brien and Fulton
Argued by videoconference


JEQUAN VONTA TAYLOR

                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 1275-20-2              JUDGE MARY GRACE O'BRIEN
                                                        MARCH 8, 2022

COMMONWEALTH OF VIRGINIA


### FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
W. Edward Tomko, III, Judge

Anthony N. Sylvester for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Jequan Taylor ("appellant") appeals his felony convictions for possession of a controlled substance, possession of a firearm while in possession of a controlled substance, and possession of a firearm after having been convicted of a violent felony. Appellant contends the evidence was insufficient to find that he possessed the weapon and drugs seized from the car he occupied. He also appeals a misdemeanor conviction for possession of a concealed weapon and argues the evidence did not establish that he knew the weapon was in the vehicle.

## BACKGROUND

Using familiar principles of appellate review, we recite the facts in the light most favorable to the Commonwealth, the prevailing party at trial. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

On the night of December 12, 2016, Sergeant James Nicholas saw an SUV pull into a hotel parking lot, followed by a Lincoln Town Car that stopped next to it. The SUV's driver exited his vehicle and approached the Lincoln Town Car. Based on numerous complaints of drug activity in the area, the officer drove closer to investigate, and as he did so, the driver of the SUV immediately returned to his vehicle. Both vehicles drove away rapidly.

Sergeant Nicholas followed the Lincoln Town Car and observed it veer from the right side of the roadway, briefly travelling into the dirt before correcting and drifting between the lanes. The officer stopped the vehicle and found two people—the driver and appellant, who was in the passenger seat. Sergeant Nicholas asked the men about a handgun magazine that he saw in the center console. The driver advised that he had a handgun "tucked" under his right leg. Sergeant Nicholas could not see the gun.

Sergeant Nicholas told the men to "keep their hands where [he] could see them" and waited for backup. When another officer arrived, Sergeant Nicholas directed the driver and appellant to exit the vehicle. As appellant got out, Sergeant Nicholas saw a digital scale in the "open compartment" at the bottom of the passenger door. Because appellant had outstanding warrants, he was searched, handcuffed, and placed in the back of the police cruiser. The search revealed that appellant had $500 in his pocket.

Sergeant Nicholas returned to the passenger side of the car, seized the digital scale from the side door, and noticed white residue on the surface of the scale, which was later analyzed and identified as cocaine. He searched the car and found a Ruger 9 mm handgun "directly under" the seat where appellant was sitting, "with the butt of the gun facing forward." The gun, which could not be seen by someone standing outside the vehicle, was "two inches or less" from the front edge of the seat. Sergeant Nicholas also seized four cell phones from the car, as well as an opened box of sandwich bags from the back seat.

Some months later, Sergeant Nicholas found a Facebook page for "Quan Taylor." Pictures posted on the page two days before appellant's arrest appeared to show him with a gun tucked into the waistband of his pants.

At trial, the court found that the "rear of the slide [and] the shape of the handle" of the item in the Facebook pictures appeared "almost, if not, identical" to the weapon seized from the car. The court admitted the pictures into evidence but determined that they were not the "be all and end all" of the case. In finding appellant guilty, the court considered the circumstances of the stop, the officer's suspicion of a drug transaction, and the other items that were seized from the car.

The court also noted that when the gun was seized from underneath appellant's seat, the butt of the gun was facing out, "toward where it had been placed under the seat[;]" although the driver admitted ownership of the other gun in the car, he did not comment about the gun found under appellant's seat.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (alteration in original) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)).

Instead, viewing the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, "the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Williams v. Commonwealth*, 278 Va. 190, 193 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "If there is

evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

## A. Possession of a firearm

Appellant's first assignment of error challenges the sufficiency of the evidence proving that he knowingly possessed the firearm found under his seat. Appellant does not challenge his status as a felon, or that the item seized was a firearm.

Code § 18.2-308.2(A) forbids "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm or ammunition for a firearm."

Appellant contends that the evidence merely showed that he was in proximity to the weapon, not that he constructively possessed it. He argues the court gave inordinate weight to Sergeant Nicholas's testimony about the gun displayed in the Facebook pictures and improperly concluded that it was the same gun seized from underneath appellant's seat.

"Possession of a firearm may be actual or constructive." *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018). "Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the [item] and that it was subject to his dominion and control.'" *Id.* (quoting *Logan v. Commonwealth*, 19 Va. App. 437, 444 (1994) (*en banc*)).

"[T]he issue [of what constitutes constructive possession] is largely a factual one . . . ." *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009) (second alteration in original) (quoting *Ritter v. Commonwealth*, 210 Va. 732, 743 (1970)). "[O]wnership or occupancy alone is insufficient to prove knowing possession of [contraband] located on the premises or in a vehicle,"

- 4 -

but circumstantial evidence coupled with ownership or occupancy often establishes constructive possession of such contraband. *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992); *see also Rawls v. Commonwealth*, 272 Va. 334, 350 (2006) ("[O]ccupancy of the premises where the firearm is found . . . [is a circumstance] probative of possession . . . ."). Further, while proximity to a firearm does not prove constructive possession beyond a reasonable doubt, "it is a circumstance probative of possession and may be considered as a factor in determining whether the defendant possessed the firearm." *Bolden v. Commonwealth*, 275 Va. 144, 148 (2008).

Here, appellant was in the passenger seat of a vehicle observed in a suspected drug transaction. After the car was stopped, the driver advised that he had a firearm concealed under his leg but did not mention the gun beneath appellant's seat. Further, appellant's Facebook page displayed pictures posted two days before his arrest where he appeared to have a gun tucked into his waistband. The court noted the similarity between the appearance of the item in the pictures and the weapon seized from underneath appellant's seat. The court also mentioned the position of the gun at the time it was seized from the car: specifically, the handle was facing forward.

"While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Stamper v. Commonwealth*, 220 Va. 260, 273 (1979) (quoting *Karnes v. Commonwealth*, 125 Va. 758, 764 (1919)).

The court specified that neither appellant's mere proximity to the firearm nor the Facebook photos was the sole basis for finding him guilty. Rather, the court convicted appellant based on the totality of the circumstances. Upon review of the record, we conclude that the court's decision was not plainly wrong or without evidence to support it.

### B. Possession of cocaine

Appellant contends that the evidence was insufficient to find him guilty of possession of cocaine because the Commonwealth failed to show either actual or constructive possession of the digital scales with cocaine residue.

"It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . ." Code § 18.2-250(A). To convict, the Commonwealth must prove that "the defendant [had] actual or constructive possession of the drugs." *Haskins v. Commonwealth*, 44 Va. App. 1, 6 (2004). Just as with the firearm charge, it is true that "[w]hile no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" *Stamper*, 220 Va. at 273 (quoting *Karnes*, 125 Va. at 764).

Here, the officer observed a possible narcotics transaction. When he stopped the vehicle, appellant, who had $500 in his pocket, was seated directly above a firearm, next to a scale containing cocaine residue. The scale was in an open compartment at the bottom of the passenger side door, next to appellant.

Based on the totality of the circumstances, we find no error in the court's conclusion that the evidence established that appellant possessed cocaine.

### C. Possession of a firearm while in possession of cocaine

Appellant contests his conviction for a violation of Code § 18.2-308.4(A), which provides that "[i]t shall be unlawful for any person unlawfully in possession of a controlled substance classified in Schedule I or II of the Drug Control Act . . . to simultaneously with knowledge and intent possess any firearm."

Appellant reiterates his arguments challenging the sufficiency of the evidence that he possessed the firearm and the cocaine seized from the car. For the reasons stated above, we find

that the court was not plainly wrong in finding appellant guilty of possession of a firearm while simultaneously possessing cocaine.

### D. Possession of a concealed weapon

Appellant argues that the evidence did not establish that he knew the firearm was underneath his seat and, therefore, the court erred by convicting him of possession of a concealed weapon.

Code § 18.2-308(A) makes it a Class 1 misdemeanor "[i]f any person carries about his person, hidden from common observation, . . . any pistol, revolver, or other weapon." Appellant does not contest that the weapon seized from the car was "hidden from observation" and concedes it was an "item described by [Code §] 18.2-308." However, he argues that the evidence was insufficient to establish that he knew of the weapon's presence.

Knowledge of contraband, while an element of possession, is a factual question. *See Glover v. Commonwealth*, 3 Va. App. 152, 159 (1986) (finding that where the defendant challenged the sufficiency of the evidence as to his knowledge of a handgun in a borrowed vehicle, the court may judge the credibility of witnesses and based on their testimony infer that the defendant knew of the presence of the gun), *aff'd*, 236 Va. 1 (1988) (*per curiam*). Here, the court, sitting as the factfinder, found sufficient evidence that appellant was both aware of the weapon beneath his seat and constructively possessed it. The court considered the circumstances of the stop, the proximity of the weapon to the front of the seat, and the positioning of the weapon with the handle facing "out toward where it had been placed under that seat." We do not find the court's conclusion plainly wrong or without evidence to support it.

## CONCLUSION

For the reasons stated above, we find that the record supports the court's conclusion that the evidence was sufficient to establish that appellant, who had a prior violent felony, constructively possessed both the cocaine and the firearm found concealed beneath his seat.

*Affirmed*.